**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Albert DRIVER, Defendant-Appellant.**

**No. 29828**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

July 6, 1972.

Rehearing Denied Aug. 1, 1972.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Mattox S. Hair, Jacksonville, Fla. (Court appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Allan P. Clark, Asst. U. S. Atty., Jacksonville, Fla., Rudy Hernandez, Asst. U. S. Atty., M.D.Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, James Albert Driver, appeals his conviction for falsely and fraudulently completing, forging, or uttering various postal money orders, in violation of 18 U.S.C.A. § 500, alleging: (1) that his right to a speedy trial under the Sixth Amendment was violated; (2) that a government witness' in-court identification was tainted by an earlier picture-spread that was impermissibly suggestive; (3) that the trial judge abused his discretion in denying appellant's motion to produce the results of handwriting tests completed by the government; and (4) that the investigator hired for appellant's benefit at government expense improperly submitted information prejudicial to the appellant. Finding each of the allegations without merit, we affirm.

There are four factors relevant to a consideration of whether or not a criminal defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) prejudice to the defendant; and (4) any waiver by the defendant. *See* Buatte v. United States, 9 Cir. 1965, 350 F.2d 389, cert. denied, 385 U. S. 856, 87 S.Ct. 104, 17 L.Ed.2d 83. In the instant case Driver was indicted on May 2, 1967, arraigned on November 15, 1968, and brought to trial on September 15, 1969. It appears from the record that the delays between indictment and trial were caused almost exclusively by Driver and were without prejudice to him. In December of 1967, some seven months after his federal indictment was returned, Driver was arrested in Georgia on state charges and held there in a county jail for three months pending his state trial, in lieu of bond. In March of 1968 Driver was convicted on a state offense and incarcerated in a Georgia state prison. One month later he escaped and was not apprehended until mid-July, 1968, when he was arrested in Toledo, Ohio. Driver was then remanded to federal custody in the Middle District of Florida in October, 1968, for

trial on his indictment under 18 U.S.C. A. § 500. The trial got under way in mid-November, 1968. Driver contends that in December, 1967, while in the Georgia county jail awaiting his state trial, he asked a postal representative if his federal trial might proceed. Because of this request and the intervening passage of time, Driver asserts that he was denied the speedy trial guaranteed to him by the Sixth Amendment. However, of the nineteen months that passed between indictment and arraignment, the majority of that time is attributable to the facts that Driver did not request trial and that his escape from the Georgia state penitentiary made his whereabouts unknown.[1] Of a delay of eleven months between arraignment and trial, almost all of the delay is attributable to the fact that Driver ran through four attorneys before he finally managed to get along with his fifth, a fact which prompted several continuances and delays by an understandably impatient trial judge. Moreover, Driver has made no more than a general and vague allegation of any prejudice that might have resulted from the delay. In sum, the record indicates that the time which passed between indictment and trial was not unconstitutionally unreasonable and not prejudicial under the circumstances of this case.

■■ Driver next contends that he should have had the right to have counsel present during a pre-trial picture-spread that was shown to a government witness. This court has already held that Driver's request is not constitutionally compelled, United States v. Ballard, 5 Cir. 1970, 423 F.2d 127, and, in light of Kirby v. Illinois, 1972, 404 U.S. 1055, 92 S.Ct. 743, 30 L.Ed.2d 744, in which the Supreme Court declined to extend United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, to pre-indictment confrontations, we do not think that a review of *Ballard* is in order. In addition, it is clear from the testimony of the witness that the picture-spread in question was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," Simmons v. United States, 1967, 390 U.S. 377, 384, 88 S. Ct. 967, 971, 19 L.Ed.2d 1247, 1252. Therefore Driver's claim that the witness' identification should have been excluded is without merit.

■■ Driver's third allegation is that the trial judge abused his discretion by excusing the government from turning over to Driver the results of any scientific tests or experiments made in connection with the handwriting on the money orders. The trial judge had first ordered a complete exchange of scientific testing concerning Driver's handwriting, under the aegis of F.R.Crim.Pro.

1. Driver's reliance on Smith v. Hooey, 1968, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed. 2d 607, is misplaced. In *Smith*, a criminal defendant remained in a federal penitentiary for six years while a state refused to bring him to trial on a state offense, despite numerous requests by the defendant, and the Supreme Court declared that Smith's Sixth Amendment/Fourteenth Amendment right to a speedy trial had been violated. It is true, as Driver argues, that the fact that one sovereign authority has custody of a defendant does not obviate the requirement that another sovereign authority seek a speedy trial of the defendant on an offense to its own laws. Thus, the fact that Georgia had custody of Driver from De-

cember, 1967, to April, 1968, when he escaped from the state penitentiary, does not automatically relieve the federal government of its responsibility to seek a speedy trial for Driver in the Middle District of Florida. However, that period of time amounts to some five months. Prior to his arrest on state charges in Georgia, Driver made no request for speedier action, nor did he lodge any complaint that possible prejudice might result from any delay. Following his escape from state custody, the passage of time was entirely attributable to an inability to locate Driver and, once located, to reprocessing and returning him to Florida.

16.[2] In fact the able trial judge also granted Driver the services of a handwriting expert at government expense. However, when Driver refused to reciprocate by supplying handwriting samples to the government, the trial judge amended his order to excuse the government from producing the results of its own tests. Driver's handwriting is not a part of his personality that is protected from disclosure by the Fifth Amendment's privilege against self-incrimination. Gilbert v. California, 1967, 388 U. S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. *See also* Schoenbrun v. United States, 5 Cir. 1968, 403 F.2d 56; Newsom v. United States, 5 Cir. 1968, 402 F.2d 835; Granza v. United States, 5 Cir. 1967, 381 F.2d 190, cert. denied, 389 U. S. 939, 88 S.Ct. 291, 19 L.Ed.2d 292. In addition, F.R.Crim.Pro. 16(c), *supra* note 2, specifically states that scientific or medical reports are exceptions to the usual requirement that the government cannot obtain discovery of any internal defense documents. In sum, the trial judge did not abuse his discretion by making production of government scientific tests conditional on Driver's reciprocal cooperation in the area of handwriting analysis.

■ Finally, Driver contends that the investigator appointed by the trial judge to locate two alibi witnesses submitted a report prejudicial to the defendant. We cannot conclude from the record that the investigator failed to complete his job faithfully under 18 U.S.C.A. § 3006A(e), and Driver has alluded to no specific instance in which the investigator failed

2.    "a() *Defendant's Statements; Reports of Examinations and Tests; Defendant's Grand Jury Testimony.* Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, (2) results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and (3) recorded testimony of the defendant before a grand jury.

    (b) *Other Books, Papers, Documents, Tangible Objects or Places.* Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable. Except as provided in subdivision (a) (2), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500.

    (c) *Discovery by the Government.* If the court grants relief sought by the defendant under subdivision (a) (2) or subdivision (b) of this rule, it may, upon motion of the government, condition its order by requiring that the defendant permit the government to inspect and copy or photograph scientific or medical reports, books, papers, documents, tangible objects, or copies or portions thereof, which the defendant intends to produce at the trial and which are within his possession, custody or control, upon a showing of materiality to the preparation of the government's case and that the request is reasonable. Except as to scientific or medical reports, this subdivision does not authorize the discovery or inspection of reports, memoranda, or other internal defense documents made by the defendant, or his attorneys or agents in connection with the investigation or defense of the case, or of statements made by the defendant, or by government or defense witnesses, or by prospective government or defense witnesses, to the defendant, his agents or attorneys." F.R.Crim.Pro. 16(a), (b), and (c).

**812**

to do so. Because Driver's allegations are wholly without merit, the judgment below is affirmed.

Affirmed.