Ettgeke W. Bergiit, J.
The defendant, Edwin Bruce Grliewe, has been indicted by the Monroe County Brand Jury and charged with the crimes of murder and assault, first degree. It is alleged that on July .21, 1973 he drove his motor vehicle into a group of people who were riding on their motorcycles thus causing death to Kathleen Tuschong and serious physical injury to Roger Carpenter. The defendant has served upon the People, pursuant to CPL 250.10, notice of his intent to rely on the defense of mental disease or defect as contained in section 30.05 of the Penal Law. The ,People now move for an order directing the defendant to submit to a psychiatric examination to be conducted by a psychiatrist to ¡be designated by the District Attorney for the purpose of giving testimony at the trial upon the issue of the defendant’s mental disease or defect at the time of the alleged murder and assault.
Upon the oral argument of the motion, defense counsel requested a copy of the mental examination report which will be provided to the District Attorney by his designated psychiatrist. The People also upon the oral argument request, pursuant to CPL 240.20 (subd. 4), copies of any mental examination report which may be provided to defense counsel by his privately selected psychiatrist.
In section 658 of the former Code of ’Criminal Procedure certain procedural .aspects were outlined providing for the mental examination of1 a defendant subsequent to his plea of insanity. However, the Criminal Procedure Law has been deficient in statutorily providing both District Attorneys and defense counsel with the necessary guidance ¡which is required when mental examinations are to be conducted. The result has been a slow case-by-case determination of the procedural requirements. (People v. Al-Kannani, 26 N Y 2d 473; Matter of Lee v. County Ct. of Erie County, 27 N Y 2d 432; People v. Cerami, 33 N Y 2d 243.)
*698 There is no question that the People are entitled to have the defendant examined by a psychiatrist of their choice and the District Attorney must provide a copy of the mental report to defense counsel. (Matter of Lee v. County Ct. of Erie County, supra.) However, defense counsel asserts that the report of his psychiatrist should not be the subject matter of discovery pursuant to CPL 240.20 (subd. 4) as a discovery of this report might require a defendant to incriminate himself. This cannot be, for a defendant’s privilege against self incrimination is waived when he interposes the defense of insanity. Further, to require the District Attorney to surrender his mental reports and allow the defendant nondisclosure of his mental reports would violate the underlying rule of fairness which is required in Matter of Lee v. County Ct. of Erie County (supra, at p. 444).
“ Inasmuch as defense counsel is given the right * * * it is only fair to allow the District Attorney the same right.”
Accordingly, this court determines that defense counsel is required to furnish his report of the ¡mental examination to the District Attorney.
The other aspects of the mental examination have been determined. Defense counsel must be notified of the date, time and place of the examination and he is to be present as an observer and be allowed to be in a position to take notes. Should the District Attorney elect to have a stenographer present a copy of the transcript must be made available to defense counsel prior to the Huntley hearing.