Raymond E. Aldrich, Jr., J.
The People move pursuant to CPL 240.20 (subd. 4) for an order allowing discovery of any and all scientific reports now in the defendant’s possession and which may come into his possession prior to or during the trial, and .the motion is opposed by the defendant.
The records of this court indicate that the defendant has been indicted for the commission of five crimes, namely, two crimes of murder, a class A felony, in causing the death of another person, one crime of criminal possession of stolen property in the second degree, a class E felony, and two crimes of possession of weapons, .dangerous instruments and appliances, a class D felony, all three crimes involving a firearm.
The moving papers indicate that on one prior occasion the defendant applied for discovery and inspection of the “ autopsy report containing the findings of an autopsy performed upon the alleged victim ”, which application was granted, and the autopsy report furnished; that on another prior occasion the defendant requested and the court ordered the People to furnish “ all other scientific reports then in the People’s possession ”, which *387 direction was complied with. The moving papers do not contain a copy of the type of scientific reports furnished by the People in accordance with the court’s direction, but rather the moving papers merely ask for “the same kind of scientific reports initiated by the defense ” as the People have furnished, with the additional statement being made ‘ ‘ that this request is reasonable and material to the preparation of the People’s case ”, without alleging any facts in support thereof so as to show to the court that the property sought to be discovered is in actuality material to the preparation of the case and the request reasonable.
A reading of GPL 240.20 (subd. 4) indicates that upon the granting of a defense motion for discovery the court may, upon motion of the People, condition its order of discovery by further directing discovery by the People of property of the same kind or character as that authorized to be inspected by the defendant, and in view of this statutory declaration the motion of the People at this time is untimely for the two prior orders of discovery have not only been made by the court without any condition whatsoever but the orders apparently have been complied with.
This motion, however, will not be decided upon this narrow ground of untimeliness but rather is decided upon the papers which are insufficient and inadequate to grant the relief sought.
When a defendant moves for a discovery under GPL 240.20 (subd. 2) he does not have to indicate the materiality or reasonableness of his request nor does he have to identify the property other than as “ reports and documents * * * concerning physical or mental examinations or scientific tests and experiments made in connection with the case.” His mere asking for such property is sufficient to obtain such reports. He does not have to elaborate any further for the very practical reason that he does not know what specific examinations, tests, or experiments have been performed iby the People’s experts in assembling the evidence against him.
Quite to the contrary, however, when the People seek discovery they must affirmatively show materiality to the preparation of their case and that a revelation is reasonable. Additionally, the property sought by the People must be of the same kind or character as that authorized to be inspected by the defendant. This requirement is intended to encompass thé opinions of experts on the same subject matter, such as opinions.; on handwriting (United States v. Driver, 462 F. 2d 808), on psychiatric evaluations (McKinney’s Cons. Laws, of N. Y., Book *388 11 A, CPL 240.20, p. 470), or any other matter which involves an essential ingredient of the crime.
CPL 240.20 (subd. 4) clearly mandates the requirement that the People show that discovery is material to the preparation of their case and that the request is reasonable, and neither of these requirements is met by the conclusory statements of the Assistant District Attorney. In fact the People do not even indicate the kind of property other than the autopsy report which was discovered by the defendant, and for this court to issue a blanket order requiring the defendant to reveal the results of examinations or tests or experiments without any reference to the -same kind of property revealed by the People. would be an act in excess of judicial authority.
This court believes that in an application of this kind the People must identify the items requested, demonstrate factually that they are material to the preparation of their case, show that the request is reasonable and that the property is within the possession, custody or control of the defendant, and this the People have failed to do.
By virtue of the foregoing the motion is denied.