Robert J. Stolarik, J.
The People move for reargument of a prior decision of this court which denied the District Attorney’s motion for discovery of the report of the psychiatric examination conducted by the defense psychiatrist to determine whether the defendant was not criminally responsible by reason of mental disease or defect. (Penal Law, § 30.05.)
The defendant has served a notice of trial defense of lack of *647 criminal responsibility by reason of mental disease or defect. The People’s application for an order directing that a psychiatric examination of the defendant by a psychiatrist selected by the People be conducted pursuant to the procedure outlined in Matter of Lee v County Ct. of Erie County (27 NY2d 432) and People v Cerami (33 NY2d 243) was previously granted.
The issue before the court is whether the defendant should he required to provide copies of the psychiatric examination conducted by the defendant’s psychiatrist prior to the commencement of the trial. The case law and statutory provisions seem to provide no clear answer to this question.
In People v Traver (70 Misc 2d 162) the Dutchess County Court denied the People’s application for discovery of the defendant’s psychiatric report pursuant to CPL 240.20 (subd 4) on the grounds that this section was intended to allow the District Attorney to obtain material in a defendant’s possession only when a defense motion was pending for pretrial disclosure of similar material. Once the court granted a defense motion for discovery of the People’s psychiatric report, the District Attorney could request the court to condition its order by directing discovery of the defendant’s psychiatric report. Since no discovery motion by the defendant was pending, the court refused to grant discovery of the defendant’s psychiatric report under CPL 240.20 (subd 4).
In People v Gliewe (76 Misc 2d 696) the Monroe County Court was presented with an application by the People for an order directing the defendant to submit to a psychiatric examination to be conducted by a psychiatrist designated by the District Attorney with regard to the defense of mental disease or defect. During oral argument on this application, defense counsel requested to be furnished a copy of the psychiatric examination report that was to be furnished to the District Attorney by his designated psychiatrist. On the same oral argument, the People requested, pursuant to CPL 240.20 (subd 4), copies of any mental examination report which might be provided to the defense counsel by the defendant’s privately selected psychiatrist. The court held that requiring the District Attorney to surrender his psychiatric reports and to disallow disclosure to the People of the psychiatric reports of the defendant’s private psychiatrist would violate the underlying rule of fairness enunciated in Matter of Lee v County Ct., (supra, p 444). The court proceeded to grant the People’s *648 application and required the defense counsel to provide the District Attorney with copies of the mental examination report conducted by the defendant’s private psychiatrist. It would seem that since the defendant’s motion for discovery of the People’s psychiatric report (made in oral argument) was pending, this decision could have been based solely upon the reciprocal discovery provisions of CPL 240.20 (subd 4), without referring to Matter of Lee v County Ct. (supra).
Adherence to Tra ver would require strict application of CPL 240.20 (subd 4). Only upon the granting of a defense motion for discovery of the People’s psychiatric examination reports, would the court, on the People’s motion, condition its order of discovery by further directing that the defendant furnish the People with the report of the psychiatric examination conducted by the defendant’s psychiatrist. However, since Matter of Lee v County Ct. requires the District Attorney to supply the defendant with a copy of the psychiatric examination report conducted by the People’s psychiatrist, the defense counsel, by not moving under CPL 240.20 (subd 2), could procedurally preclude the District Attorney from securing pretrial disclosure of such report. It would seem that such technical procedural refinements should not be controlling in determining the issue of pretrial disclosure.
The Practice Commentary on CPL 240.20 (subd 4) states, "For example, in cases where both prosecution and defense have employed experts to make psychiatric examinations, it seems as important for the government to study the opinions of the experts to be called by the defendant in order to prepare for trial as it does for the defendant to study those of the government’s witnesses.” (Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 240.20, p 470.)
The decision in Gliewe (supra) was based on an "underlying rule of fairness.” However, in Matter of Lee v County Ct., the Court of Appeals discussed "fairness” in relation to the requirement that the defendant’s attorney must be present during the People’s psychiatric examination because it was a "critical stage” of the prosecution where the presence of defense counsel was required. (United States v Wade, 388 US 218.) The court, in Lee, held that "fairness” required that the District Attorney be given the same right, namely, to be present during this examination. The rule of "fairness”, therefore, would seem to apply to the presence of attorneys at the *649 psychiatric examination and not to discovery of the defendant’s psychiatric examination reports.
Were it not for the holding in Matter of Lee v County Ct. (supra) requiring the District Attorney to provide copies of the psychiatric examination report to the defendant, the underlying basis for the defendant’s discovery of this report would exist under CPL 240.20 (subd 2). It would then be incumbent on the defendant to move pursuant to this section for discovery of a copy of this report. At that point, the reciprocal discovery provisions of CPL 240.20 (subd 4) would provide the legal and procedural basis for discovery of the defendant’s psychiatric report by the District Attorney. (Apparently, CPL 240.20 does not take into account the procedure outlined above in Matter of Lee v County Ct.) To resolve the ambiguity and confusion in the present state of the law, to provide for a more definitive procedure, and to reconcile the rule in Matter of Lee v County Ct. with the statutory requirements of CPL 240.20, this court holds that the requirement for the People to provide the defendant with a copy of the People’s psychiatric report (Matter of Lee v County Ct.) is equivalent to the defendant actually having made application pursuant to CPL 240.20 (subd 2). Since, constructively, such a motion is pending, the court will grant the People’s application for discovery of the defendant’s psychiatric report pursuant to CPL 240.20 (subd 4).