Arthur W. Lonschein, J.
The People move for an order of reciprocal discovery. They ground their motion upon CPL 240. 20 (subd 4) which provides "upon granting a defense motion for discovery with respect to property of a kind specified in subdivisions two and three, the court, may, upon motion of the people showing such to be material to the preparation of their case and that the request is reasonable, condition its order of discovery by further directing discovery by the people of property, other than exempt property, of the same kind or character as that authorized to be inspected by defendant, which is within the possession, custody or control of the defendant and which he intends or is likely to produce at the trial.”
By their motion the People place before the court the question of the conditions necessary and the extent to which the People may have discovery of the defendant’s evidence.
There are few published decisions concerning the prosecution’s rights under the CPL’s discovery article (art 240). Subdivision 4 is patterned after the former subdivision (c) of rule 16 of the Federal Rules of Criminal Procedure. Like that section, it is grounded in the belief that in making a motion for discovery by the People dependent upon the defendant’s having moved for discovery, minimizes the risk that the prosecution’s motion will be viewed as an infringement upon the defendant’s constitutional rights. (Advisory Committee notes to the Federal Rules of Criminal Procedure.) One rationale for this view is that the privilege against self incrimination may be waived. Therefore, as a condition to obtaining the benefits of discovery from the Government the defendant must weigh its constitutional privilege to the extent of the limited discovery allowed to the Government. (1 Wright, Federal Practice and Procedure, Criminal, § 256.) Further the prosecution’s discovery is limited to those materials which the defense intends or is likely to produce at the trial. (CPL 240.20, subd 4.) The United States Supreme Court came close to answering the question of the constitutionality of discovery by the Government if indeed it has not done so in Williams v Florida (399 US 78). In ruling upon the constitutionality of the Florida *411 notice of alibi statute, the court said (p 85): "At most, the rule only compelled petitioner to accelerate the timing of his disclosure, forcing him to divulge at an earlier date information which the petitioner from the beginning planned to divulge at trial. Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State’s case before announcing the nature of his defense, any more than it entitles him to await the jury’s verdict on the State’s case-in-chief before deciding whether or not to take the stand himself.”
A motion for discovery by the People can only be made in response to the defendant’s motion for discovery. In the published decision of our courts dealing with discovery by the prosecution, almost all of the decisions hold that this motion must be made during the pendency of the defense motion (People v Traver, 70 Misc 2d 162; People v Rexhouse, 77 Misc 2d 386; People v Lacey, 83 Misc 2d 69) or in response to a required act which would be the functional equivalent of a motion for discovery, such as where the People are required to serve the defendant with a copy of their psychiatrist’s report. In People v Blacknall, (82 Misc 2d 646) it was held that such an automatic requirement was the equivalent of the defense having moved for the motion of discovery pursuant to CPL 240.20 (subd 2) and was deemed to be constructively pending before the court so as to allow the Judge to order the defense to give the People a copy of its psychiatric report. (Contra: see People v Green, 83 Misc 2d 583, court partially granted District Attorney’s discovery motion made after court had ruled upon defendant’s discovery motion.)
The statute requires that the People move for the disclosure of property of the same kind or character as that for which the defense has moved. (People v Rexhouse, supra; People v Green, supra.)
However, the words "same kind or character” are subject to either a broad interpretation or a narrow one. In People v Rexhouse (supra, pp 387-388) the court stated "this requirement is intended to encompass the opinions of experts on the same subject matter, such as opinions on handwriting [citations omitted], on psychiatric evaluations [citations omitted], or any other matter which involves an essential ingredient of the crime.”
On the other hand, the court in People v Green (supra, p 589) stated "these words can be interpreted in a broad sense *412 so as to allow for more liberal reciprocal discovery. If the defendant moves for disclosure of any type of scientific or physical or mental reports, tests and experiments made in connection with the case, then the People would be authorized to seek discovery of property within the possession, custody or control of the defendant which falls within that general category.”
The House Judiciary Committee in its report (No. 94-247) on the 1974 amendments to rule 16, noted in its comments on the then subdivision (c) of rule 16 that the "Prosecutor’s discovery is limited and is reciprocal that is, if the defendant is granting discovery of certain items, then the prosecution may move for discovery of similar items under the defendant’s control.” When the Legislature passed article 240, it represented a moderate middle of the road approach, half way between the extreme liberal position which advocates almost unlimited discovery and the extreme prosecution approach which would permit virtually none. (Memorandum in Support and Explanations of proposed CPL [March, 1970].)
From these documents the court concludes that the proper approach is neither limited to the disclosure of an identical item for an identical item. Nor is it a request for items within a general category allowing the People to seek other items within the same general category. For example the mere request by the defendant for autopsy and fingerprint reports should not mean that the defendant could be required to give the People medical reports. Rather the view to be taken is that the items sought should deal with at least similar or related materials within the same general category.
The People are required to show that the request is reasonable and that the items sought material to the preparation of their case. Failure to do so is normally fatal to the People’s application. (People v Rexhouse, supra.)
However, where the defendant moves for material under subdivision 3 of section 240.20 which requires him to make the same showing, the court should not require the People to make a greater showing than the defense actually made in its moving papers. The court should not insist upon an overly technical construction in interpreting the same words in the statute to require more of one party than the other. (People v Green, supra.)
The court will now read the People’s moving papers against *413 the criterion that has been established for such a motion. In the first instance the prosecution’s motion is untimely. It was made March 4, 1977, four days after the court had ruled upon the defendant’s motion. (See order in file dated Feb. 28, 1977.) Therefore, the People’s motion must be denied.
Even if the People’s motion were timely made, the court would still deny the motion.
The People have requested discovery of the following items:
1. Original bills of sale for the motorcycles in question.
2. Original bills of sale for parts of the motorcycles in question.
3. Original bills of sale for motorcycle engines in question.
4. Certificates from city and State for license for defendant’s doing business as "Mike’s Bike Shop.”
5. Certificate from New York State Department of Taxation and Finance for defendant’s right to collect sales tax.
6. Any and all copies of liens on motorcycles in question.
7. Copies of any and all motor vehicle documents relevant to VIN, including but not limited to application for new vehicle identification numbers.
8. Copies of canceled checks for purchases of motorcycles in question as well as canceled checks for New York sales tax paid for such items.
Of the items requested, numbers 4, 5, 7 and 8 are not of the same kind or character as requested by the defense in its motion for an order of discovery.
In Item 29 of his motion for an order of discovery and inspection, defense counsel requested "state whether any alarms had been issued with regard to the vehicles, and, if so, the date and time of such alarms.” An alarm would indicate the report of a theft. The bills of sale requested (Items 1 thru 3) and copies of liens (Item 6), are related to reports of theft. They would go to rebut such reported thefts. These items are within the definition of "the same kind or character.” They certainly are items that the defendant would have in his possession, custody and control and would certainly be the kind of material that a defendant is likely to produce at trial, since they go to refute evidence of theft.
However, the People objected to the disclosure of this item as evidentiary and they were sustained by the court. This item could not therefore, even in a timely made motion by the *414 People, serve as a basis for the People to gain reciprocal discovery.
The court would add one final comment though the People have not met the requirements of showing materiality and reasonableness the defendant’s papers also fall short of that mark. Item 29 of the defendant’s motion obviously coming under subdivision 3 of section 240.20 such a showing would have been required of the defense. Therefore, if the court had granted Item 29 to the defense, it would in a timely made motion have granted Items 1 through 3 and 6.
The People’s motion is denied in all respects.