Oscar Murov, J.
The defendant, Gary Lawrence, is accused of operating a motor vehicle on Route 347 in the Town of Brook-haven while in an intoxicated condition (Vehicle and Traffic Law, § 1192, subd. 2).
The defendant now moves for a bill of particulars and discovery of the alcoholic influence report (hereinafter referred to as A. I. R.) filed by the police officer who arrested the defendant and now in the possession of the People.
The information states that the defendant was driving in an “ erratic manner The defendant requests a bill of particulars for the purpose of clarifying the manner of the defendant’s alleged ‘ ‘ erratic ’ ’ driving. Discovery should be allowed only where injustice may result if relief were denied (People v. Nassar, 60 Misc 2d 27). The court is of the opinion that the police officer’s description of the defendant’s alleged operation of his motor vehicle is insufficient for the purpose of allowing the defendant to prepare a defense thereto. The term ‘1 erratic driving” could describe numerable acts of a motorist and the defendant is entitled to know exactly what acts he is alleged to have committed. The People should therefore be required to submit a bill amplifying this accusation.
The number of motions now being made by defendants for discovery and inspection of the A. I. R. has been steadily increasing. All requests to discover same have been opposed by the People on the grounds that they constitute “ exempt property ” pursuant to subdivision 3 of CPL 240.10 and are therefore not discoverable (CPL 240.20, subd. 3). In an effort to settle this question and avoid needless court time spent upon such requests, the court finds, for the reasons stated hereafter, that the defendant is entitled to discover the A. I. R., excluding that portion of the report containing the visual examination of the defendant.
In People v. Blair (64 Misc 2d 519, 523), decided prior to the enactment of the Criminal Procedure Law, the court, in describing the “ signposts along the path of the future ”, stated that the new Criminal Procedure Law would permit disclosure of all recorded answers of the defendant given in an interview report form. The court is in full agreement with that statement and it finds ample .support in the statutory language of the Criminal Procedure Law.
Pursuant to CPL 240.20 (subd. 1, par. [b]), discovery may be had with respect to a written or recorded statement made by the *1021 defendant to a public servant engaged in law enforcement activity. All the answers of the defendant which were given in response to the officer’s questions and recorded on that part of the A. I. B. entitled “ Questions ” clearly fall within CPL 240.20 (subd. 1, par. [b]) and are discoverable. To contend otherwise is to ignore the statutory language of the .Criminal Procedure Law and the obligations imposed on the People to permit the defense to adequately prepare for trial.
The defendant is also entitled to discover that part of the A. I. B. entitled “ Tests For Impairment Of Ability.” Subdivision 2 of CPL 240.20 required discovery with respect to property consisting of reports and documents, or copies or portions thereof, concerning physical or mental examinations or scientific tests and experiments made in connection with the case. All the physical tests the defendant performed at the request of the arresting officer constitute a physical examination to determine intoxication. Having.taken such tests, i.e,, walk and turn, balance, finger-to-nose, etc., the defendant is entitled to discover a copy of such tests and the results and conclusions drawn therefrom. If the defendant had submitted to a chemical test, then he would be entitled to discover that portion of the A. I. B. pertaining thereto.
That part of the A. I. R. entitled “ Visual Examination ” is not discoverable since it consists of the observations of the arresting officer and constitutes his work product and is exempt property (GPL 240.20, subd. 3).
The persistent objections of the District Attorney to discovery of the A. I. E. has precipitated a large number of motions to compel its production. It is the court’s hope that this decision will finally settle this issue and alleviate the necessity of passing upon such further motions. The practice of opposing all such motions in the hopes of having one Judge of this court rule differently from another Judge of equal status reduces judicial proceedings to a game of musical chairs.
The defendant’s motion is granted and denied in accordance with the foregoing.