John S. Lockman, J.
The defendant, by his attorney, moves this court for an order granting the following relief; (1) dismissal of the third count of the indictment which charges him with obstructing governmental administration on the ground that said count is defective within the meaning of OPL 210.25.; (2) a bill of particulars; and (3) discovery.
(1) The third count of the indictment alleges that: “ The defendant, Robert F. Gaissert, on or about the 24th day of March, 1973, in the County of Nassau, State of New York, intentionally prevented and attempted to prevent Patrolman Arthur French, a public servant, from performing an official function by means of an independently unlawful act, to wit: said defendant did identify himself as Robert Coltrane, said name not being *479 his true name.” The defendant argues that the conduct recited in the third count does not constitute an “ independently unlawful act ” and that the count is therefore defective.
To be guilty of obstructing governmental administration by means of an ‘ ‘ independently unlawful act” (Penal Law, § 195.05) one must engage in conduct proscribed by an existing statute. (People v. Longo, 71 Misc 2d 385, 390.) Thus Denzer and McQuillan in their Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 195.05) offer as an example of an “independently unlawful act” conduct violative of section 145.00 of the Penal Law which, because of the intent to obstruct a governmental function, also violates section 195.05 of the Penal Law. Rightly or wrongly, falsely identifying oneself to a police officer is not, in and of itself, a violation of an existing statute. It does not amount to criminal impersonation unless the name given is that of a real person. (Penal Law, § 190.25.) It does not constitute the making of an apparently sworn false statement unless the statement is both written or sworn to. (Penal Law, § 210.35.) In short, it is not an “ independently unlawful act ”.
Therefore, the first branch of the defendant’s motion must be granted and the third count of the indictment is hereby dismissed.
(2) The defendant seeks a bill of particulars specifying various items. “ The sole function of a bill of particulars is to define more specifically the crime or crimes charged in the indictment.” (Commission Staff Comments to CPL 200.90.) A defendant is not entitled under a bill of particulars to learn the precise nature of the People’s evidence. (People v. Courtney, 19 A D 2d 816; People v. Spina, 14 A D 2d 505.) Since the 20 items sought here are all evidentiary in nature and unnecessary to define more specifically the crimes alleged, the defendant is not entitled to the requested bill of particulars.
Therefore, the branch of the motion seeking a bill of particulars is denied.
(3) The defendant seeks discovery of the following items:
(a) Copies of all physical examination reports and tests made in connection with the treatment of the victim of the crimes charged. The People aver that these records are currently in the possession, custody and control of the Nassau County Medical Center rather than that of the District Attorney. Consequently they should be obtainable by the defendant through a subpoena (CPL 610.20, subd. 3; CPLR 2307) and are not now discoverable under CPL 240.20 (subd. 2).
*480 Therefore, this item is granted but only to the extent that the People must make these records available to the defendant when and if they acquire possession, custody or control. (CPL 240.20, subd. 2.)
(b) Copies of any written or accounts of any oral statements made by the defendant to law enforcement officers or their agents. Copies of written or recorded statements are discoverable under CPL 240.20 (subd. 1). Oral statements are not discoverable. (People v. Riley, 46 Misc 2d 221.)
Therefore, this item is granted to the extent that, within 20 days of entry of this order, the People shall make available to the defendant copies of any written or recorded statement made by him to law enforcement officers. In all other respects, it is denied.