Alfred H. Kleiman, J.
The defendants have been jointly charged with the crime -of conspiracy in the third degree in violation of section 105.05 of the Penal Law.
After the case had been moved by the People for trial, and prior to the commencement of the voir dire of the assembled panel of jurors, the defendants moved for an order forthwith directing the District Attorney to furnish counsel with copies of the transcripts of the Grand Jury testimony and all other prior statements of witnesses the prosecution intends to call during the trial.
The defendants cited People v. Rosario (9 N Y 2d 286) in support -of their motion. The District Attorney argued that under the Rosario doctrine the People are required to turn over copies of the Grand Jury minutes only after the conclusion of the direct examination of a witness, for possible use by defense counsel on cross-examination.
It is true that the argument of the District Attorney is consistent with the oft cited opinion of Judge William F.Christiana in People v. Graziano (46 Misc 2d 936). That court held (p. 937) that the prosecution is not compelled to deliver copies of pretrial statements to defense counsel, for use on cross-examination until after “ a witness has actually been sworn for the prosecution on a trial or hearing and testified ” citing in support thereof People v. Rosario (supra) and People v. Malinsky (15 NY 2d 86).
In the Rosario opinion Judge Fuld .speaking for the majority wrote (p. 289) “ a right sense of justice entitles the defense to examine a witness’ prior statement, whether or not it varies from his testimony on the stand.” In the Malinsky case, Judge Fuld wrote (p. 90) “We made it unmistakably clear in People v. Rosario (9 N Y 2d 286) that defense counsel must be permitted-to examine a witness’ prior statement, whether or not it differs from his testimony on the stand, and to decide for themselves the use to be made of it -on cross-examination, provided only *49 that the statement1 relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential ’ ’ ’.
The issue arose in Rosario as a result of the denial of defense counsel’s requests for the witnesses’ prior statements, which applications were made to the Trial Judge only \after each witness had concluded Ms or her testimony (supra, p. 288). The Court of Appeals accordingly held in Rosario that the statements made by the prosecution witnesses u should, on demand, be turned over, in their entirety, to the defense for possible use in cross-examination ”. (People v. Miles, 23 N Y 2d 527, 541; emphasis mine.)
The sole issue before this court is whether the Rosario and MaUnshy opinions are to be construed as authorizing the turning over to the defense of the Grand Jury testimony and any other prior statements only after the prosecution witness has testified for the People. I am not prepared to place such a restricted construction on these opinions.
The District Attorney has stated, in response to the court’s inquiry, that the minutes of the Grand Jury testimony alone exceed 200 pages. If the Rosario opinion is to be so narrowly construed, it means that after a witness has testified on behalf of the People, the Trial Judge must now recess the case to enable defense counsel to examine the extensive transcripts and prepare their cross-examination. And this procedure would have to be followed after the direct examination of each of the prosecution witnesses who previously had testified before the Grand Jury. I do not believe that it was the intention of the Court of Appeals to mandate such a trial procedure. The Trial Judge has the inherent responsibility to regulate the trial =and ‘ ‘ has the obligation to avoid delays, continuances and extended recesses”. (Standards Relating to the Function of the Trial Judge, American Bar Association Project on Standards for Criminal Justice, § 1.4, p. 8.) I believe this obligation can be met without violating the principle of Rosario. That case, as I interpret it, requires only that the prior testimony “ be made available to the defense at the trial ’ ’ (People ex rel. Gadogan v. McMann, 24 N Y 2d 233, 236) as long as ‘ ‘ the statement relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential” (People v. Rosario, supra, p. 289). While the court is not required to make the transcripts available to the defense before the prosecution witness has testified (People ex rel. Gadogan v. McMann, supra, p. 236), I .hold that it is within the Trial Judge’s discretion to make the prior statements available, prior to such *50 direct testimony, if the interests of an orderly conduct of the trial suggests same. It is my opinion that making .such statements or transcripts available to the defense earlier in the trial is also consistent with both the Rosario rule and the required sensitivity to the important roles and responsibilities of prosecutor and defense counsel. That this can be done before a witness testifies is particularly evident since defense counsel must be permitted to examine a witness’ prior statement whether or not it differs from his testimony on the stand (People v. Malinsky, 15 N Y 2d 86, 90, supra). Since it is not disputed that the People are required to make the statements available immediately after a witness has testified, I can see no prejudice to the People, in requiring the availability of such statements earlier in a trial.
Accordingly, this court has directed the District Attorney to-turn over forthwith all prior statements of witnesses he now knows, in good faith, he intends to call on behalf of the People, provided such statements relate to the subject matter of the anticipated testimony. To the extent this opinion is inconsistent with People v. Graziano (supra), I must respectfully disagree.