Ernest L. Signorelli, J.
Defendant, indicted for murder, makes this omnibus application to the court for an order seeking the following multiple items of relief:
1. Defendant’s application for an order directing the discovery of all police reports and records, including photographs, made in connection with the investigation of this case shall be treated first inasmuch as this is the only portion of defendant’s application which requires extensive discussion.
The ultimate goal of the judicial process is to arrive at the truth. In my judgment, this goal is best achieved by a system *633 that encourages full disclosure prior to trial so that the respective parties are fully familiar with all of the facts and circumstances and are, therefore, able to present a true and complete picture to the trier of the facts.
In a criminal prosecution where a man’s reputation and liberty are at stake, it is especially important that we have broad pretrial discovery in order that counsel may have the opportunity to adequately prepare his defense. Broad discovery in criminal cases not only enhances the search for truth, but also serves the interests of justice by expediting the handling of cases through dispositions prior to trial. The defendant who is aware of the evidence against him is much more likely to enter a plea of guilty prior to trial than one who is not informed of the evidence and may have unfounded hopes of acquittal.
Section 1.2 of the American Bar Association Standards Relating to Discovery and Procedure Before Trial contains the following pertinent language with regard to the scope of discovery in criminal cases and its purposes:
“ 1.2 Scope of discovery. In order to provide adequate information for informed pleas, expedite trials, minimize surprise, afford opportunity for effective cross-examination, and meet the requirements of due process, discovery prior to trial should be as full and free as possible consistent with protection of persons, effective law enforcement, the adversary system, and national security.”
A reputable prosecutor who is cognizant of his obligations to the court as a quasi-judicial officer should have nothing to fear from full disclosure. If indeed he is confident that he has procured a bona fide indictment, amply supported by competent evidence, he should unhesitatingly be willing to comply with this form of disclosure. On the other hand, if there are certain deficiencies in a particular criminal prosecution, a prosecutor who conducts himself impeccably should again have no hesitancy in making an appropriate revelation to defense counsel.
From our evolving decisional law, the Court of Appeals has formulated an evidentiary rule that mandates the production at the trial of any police reports, memoranda, etc. prepared by the testifying officer so that defense counsel may utilize same for impeachment purposes. (People v. Rosario, 9 N Y 2d 286; People v. Malinski, 15 N Y 2d 86.) This has served the salutary function of enabling defense counsel to discredit a prosecution witness who has willfully testified falsely or in a manner contradictory to his written report. Unfortunately, these requests for the production of the witnesses’ reports during the course of *634 trial have resulted in delaying or prolonging the trial. It would perhaps be the better practice to make these reports available to defense counsel prior to the trial in the interests of enabling him to prepare his cross-examination and his case and, further, achieving the salutary purpose of avoiding a disjointed and protracted trial. (People v. Nicolini, 76 Misc 2d 47, Crim. Ct., N. Y. County [Kleiman, J.].)
Most assuredly, if the police reports do contain confidential or exempt material, the People are always privileged to make application for an appropriate protective order.
Directing our attention to the statute in question, we must now determine whether these reports are exempt property within the definition of GPL 240.10 (subd. 3, cl. [a]) and, therefore, not discoverable under its companion section, 240.20 (subd. 3). The definition of “ exempt property ” in GPL 240.10 (subd. 3, cl. [a]) should not, and does not, encompass routine police reports containing factual information and which are required to be filed in the normal course of business by Police Department regulations. This type of report should be distinguished from the actual work product of either the District Attorney or the police. Work products consisting of legal opinions, theories, statements of witnesses, and other nonfactual information pertaining to the investigation and prosecution of a criminal case are, of course, nondiscoverable as exempt property. (People v. Wright, 74 Misc 2d 419; People v. Inness, 69 Misc 2d 429.)
The defendant herein is accused of murder which, of course, is the ultimate crime that one can commit in this jurisdiction. The seriousness of the charges contained in the indictment makes it imperative that defense counsel be permitted the opportunity of having all of the necessary facts available to the People in order that he may effectively and adequately fulfill his' obligations to his client.
Accordingly, for all of the reasons as hereinabove set forth, this branch of defendant’s application is granted to the extent that the District Attorney is directed to provide the defendant, within 10 days from the date of the order to be entered herein, with a copy of all police reports and records, including all photographs, pertaining to this case, but excluding statements df all witnesses. If the People feel that any of the material contained in these reports is of a confidential nature or is exempt property, they may make application to the court for a protective order within 10 days from the date of the order to be entered herein.
*635 2. Defendant’s application to inspect the Grand Jury minutes and dismiss the indictment is granted to the extent that the court has read and considered the Grand Jury minutes and finds sufficient legal evidence therein to support the indictment. Accordingly, defendant’s motion to dismiss is denied.
3. Defendant’s application to discover any alleged confessions or statements made by the defendant is denied as moot inasmuch as the District Attorney has provided the defendant with a copy of his written confession. Defendant’s application to suppress the written confession is granted to the extent that a hearing shall be held immediately prior to trial.
4. Defendant’s application to discover the autopsy report and Medical Examiner’s report with respect to Gertrude Rice is granted. The District Attorney is directed to provide the defendant with a copy of same within 10 days from the date of the order to he entered herein.
5. Defendant’s application to examine the weapon allegedly used in the commission of the crime is granted to the extent that the defendant may examine the weapon at the District Attorney’s office upon five days’ written notice to the District Attorney.
6. Defendant’s application for a bill of particulars is granted to the extent of the particulars heretofore furnished by the District Attorney in his opposing affirmation.
7. Discovery of all psychiatric reports pertaining to the defendant, pursuant to article 730 of the CPL, or otherwise, is granted. The District Attorney is directed to provide same to the defendant within 10 days from the date of the order to be entered herein.
8. Assigned counsel’s application for an order authorizing the expenditure of money as a disbursement to obtain copies of a transcript of any hearings held in connection with the instant indictment is granted.
9. Defendant seeks to suppress a psychiatric examination and report ordered by this court pursuant to article 730 of the CPL upon the ground that defense counsel was not able to be present at said examination as ordered by the court since the examination took place on October 6, 1973, a Jewish holiday. Defendant’s application is granted to the extent that a new 730 examination shall he conducted and counsel shall be advised in writing two days prior to the examination of the date, time and place of said examination so that he may attend.