Ernest £L. Signorelli, J.
Defendant, indicted for murder, makes this omnibus application to the court for the following multiple items of relief:
1. Defendant’s application for an order directing the District Attorney to provide the defendant, at least 10 days prior to trial, with a copy of all statements, including Grand ¡Jury testimony, of each and every witness to be called at the trial by the District Attorney will be treated first inasmuch as it is the only portion of defendant’s application which requires extensive discussion.
In a prior application made before this court, defendant moved for the pretrial discovery of all police reports pertaining to the investigation of this case. That application was granted to the extent of ordering discovery of all police reports except those containing statements of prospective witnesses. (See my memorandum decision in People v. Rice, 76 Misc 2d 632.)
The discovery provisions of1 the Criminal Procedure Law and the cases decided thereunder clearly indicate that pretrial discovery of witnesses’ statements and Grand Jury testimony is not permitted. It is equally clear as a matter of law that defense counsel is entitled to examine a witness’s Grand Jury testimony and prior written statements relating to his testimony so that he may utilize same for impeachment purposes on cross-examination. (People v. Rosario, 9 N Y 2d 286; People v. Malinsky, 15 N Y 2d 86.)
The only controversy concerning the disclosure of this material relates to the timing of the disclosure. The People contend that the material should only be provided after the witness testifies at the trial. This procedure unfortunately results in unnecessary delays in the trial while defense counsel examines *584 and digests the material he has just received. Since this material must be disclosed sometime during the trial, it would perhaps he the better practice to allow discovery immediately prior to trial in the interest of enabling counsel to better prepare his cross-examination and avoiding unnecessary delays and disjointed trials. A number of courts have exercised their inherent power to regulate the conduct of a trial and ordered this material disclosed before the /witnesses testify. (People v. Nicolini, 76 Misc 2d 47; United States v. Percevault, 490 F. 2d 126; United States v. Garrison, 348 F. Supp. 1112; United States v. Goldberg, 336 F. Supp. 1.)
In United States v. Percevault (supra, p. 132) the Second Circuit Court of Appeals made the following pertinent comment in reversing an order for the discovery of a co-conspirator’s written ¡statement: ‘ ‘ Although we hold that the government cannot be compelled to disclose statements of prospective witnesses prior to the time prescribed by the Jencks Act, we note that in most criminal ¡cases, pretrial disclosure will redound to the benefit of all parties, counsel, and the court. Indeed, sound trial management would seem to dictate that Jencks Act material should ibe transmitted prior to trial, especially in complex /cases, so that those abhorrent lengthy pauses at trial to examine documents can be avoided.”
Therefore, in the interests of expediting the trial and avoiding prejudice to the defendant, defendant’s application is granted to the extent that the District Attorney is directed to provide defense counsel with a copy of all statements, including Grand Jury testimony, relating to a witness’s testimony immediately before commencement of jury selection.
2. Defendant’s application for the names and addresses of prospective /witnesses is granted. The District Attorney is directed to provide the defendant, within 10 days from the date of the order to be entered herein, with the names and addresses of all potential prosecution witnesses to be called at the trial. However, if the People feel that there are compelling circumstances indicating that potential witnesses may be tampered with or threatened, or there are other compelling circumstances why the prosecution should not disclose the names and addresses of potential witnesses, they may, move to reargue within 10 days from the date of the order to be entered herein. (People v. Barnes, 74 Misc 2d 743; writ of prohibition denied; Matter of Aspland v. Judges of County Ct. of County of Suffolk, 42 A D 2d 930, mot. for lv. to app. to Court of Appeals den. 33 N Y 2d 515.)
*585 3. Defendant’s request for the return of cash bail of $150 in connection with a .prior charge of driving while intoxicated is denied with leave to renew same in the court which disposed of that charge.
4. Defendant’s applications for the return of an automobile seized by the police in connection with the instant charge and for an inventory and return of all property taken from the defendant in connection with this proceeding are denied. The District Attorney represents in his opposing affidavit that all property seized from the defendant by the police, except those items retained for the defendant in the Suffolk County Jail as his personal property, are being held for possible use in evidence at the trial. Furthermore, there is no detailed inventory of the items seized. However, the District Attorney consents to allow defense counsel to inspect the items seized at the office of the District Attorney upon reasonable notice.