Oscar Murov, J.
This is a motion by the People to reargue a motion for discovery filed by the defendant wherein the court granted a portion of defendant’s motion to the extent that defendant was to be permitted inspection of certain intercepted communications. Defendant has not filed any opposition to the motion.
In granting defendant’s motion, the court relied upon the authority vested in it by CPL 700.50 which provides in pertinent *324 part .as follows: “ The justice, upon the filing of a motion by any person .served with such notice, may in his discretion make available to such person or his counsel for inspection such portions of the intercepted communications, applications and warrants as the justice determines to be in the interest of justice.”
The People have contended throughout that a defendant is not, entitled to discovery of transcripts of recorded conversation^ as of right (CPL 240.20, subd. 1, par. [b]) unless it is shown that the wiretap was tainted by some illegality. (Citing United States v. Alderman, 394 U. S. 165, and People v. Ford, 61 Misc 2d 419.)
It is now argued that the court erred in its interpretation of People v. Castania (73 Misc 2d 166) and CPL 700.50 (subd. 3) upon which the granting of the- motion for discovery was based.
The relevant pajjt of the decision in Gastania which gives rise to the first of the court’s alleged errors states (p. 167): “ I read section 700.50 as mandating disclosure of any conversations intercepted by a wiretap. To read it otherwise, as permitting disclosure only as a court may from time to time decide is in the interest -of justice, would seem to be indirect conflict with the clear requirement of Alderman v. United States ”.
The People correctly contend that the decision in Gastania was pillared upon a showing that the wiretap therein was illegal. However, the court would instruct the Assistant District Attorney that it did not rely upon Gastania for an authorized exercise of the court’s discretion. The court’s concern with Gastania was limited to the meaning of the broad statement ‘ ‘ mandating disclosure of any conversations intercepted by a wiretap ’ ’. It is apparent that Gastania holds for the proposition that there is no discretion vested in the court when there has been a violation of a person’s Fourth Amendment rights and that discovery under such circumstances is mandated. The decision in Gastania does not encompass a treatment of the potential for discovery in the court’s discretion in the absence of a Fourth Amendment violation.
The court finds the People’s second argument (that a motion under this section [CPL 700.50] is more appropriately addressed to the issuing Justice), without merit. The relevant subdivision (3) refers only to “ the justice ” while the remaining subdivisions of CPL 700.50 refer to “issuing justice”. Justice, as defined in CPL 700.05 (subd. 4) includes “any county court judge of the county in which the eavesdropping warrant is to be executed ’ ’. This court would be loathe to attempt to correct an imagined legislative oversight by adding the word 11 issuing ’ ’ *325 before ‘1 justice ’ ’, particularly in view of the holding in United States v. Poeta (455 F. 2d 117). In Poeta, a defendant moved to suppress wiretap evidence because the police failed to make the recordings available to the court for sealing purposes immediately after the expiration of the last wiretap order. ‘ ‘ Apparently the recordings were not immediately sealed after the expiration of the taps because the police were under the impression that only the ‘ issuing justice,’ N. Y. Crim. Proc. L. § 700.50(2), could direct the sealing. ’ ’ The recordings were later brought to another Judge who directed that they be sealed. The delay occasioned thereby was found to be excusable “ in the light of the wording of the Yew York statute.” Significantly, the offices of a Judge other than the issuing Justice were found to be acceptable despite the wording of the statute (GPL 700.50, subd. 2) which clearly provides that the aforedescribed function is to be performed by the “ issuing justice ”,
Defendant failed initially to set forth sworn allegations from which the court might have determined that the interest of justice would be served by an order of discovery. The District Attorney, on the other hand, steadfastly maintains that discovery under these circumstances is inappropriate and fails to provide the court with good reason to refuse aid to the defendant. Additionally, the Criminal Procedure Law provides no procedure to be applied in determining the motion, declaring only that portions of intercepted communications may be made available upon the filing of a motion. Without being armed by the defendant with facts revealing how the interest of justice would be served, the court is unable to intelligently make that determination. The order rendered on September 27, 1974, which granted defendant’s motion for discovery, should have instead denied the motion with leave to renew on proper papers setting forth therein sworn allegations of fact to support the motion.
In summary, the court determines as follows:
(1) Discovery of written or recorded statements made by a defendant is not mandated pursuant to GPL 240.20 when made in the course of an intercepted communication as defined in GPL 700.05. (GPL 240.20, subd. 1, par. [b].)
(2) Surveillance records as to which an accused has standing to object (by virtue of the unlawful acquisition thereof) should be turned over to him without being screened in camera by the Trial Judge. Disclosure is limited to a petitioner’s own *326 conversations and those which took place on his premises (Alderman v. United States, 394 U. S. 165).
(3) Upon the filing of a motion by any person served with notice of the issuance of an eavesdropping warrant, the Justice may in his discretion make available to such person or his counsel for inspection such portions of the intercepted communications as the Justice determines to be in the interest of justice. (GPL 700.50, subd. 3.) (See Pitler, New York Criminal Practice Under the CPL, § 10.5, p. 465.)
In view of the foregoing, it is the decision of the court that the order rendered on September 27,1974, which granted defendant’s motion for discovery of intercepted communications is hereby amended and that motion denied with leave to the defendant to renew as hereinabove provided.