■ In the Matter of BIG BLACK, Indicted as FRANK SMITH, et al., Petitioners, v. CARMAN F. BALL, as Justice of the Supreme Court, Respondent.— Application unanimously denied, without costs. Memorandum: Special Term in its memorandum denying petitioners' application recognized the necessity of supplying the names of identifying witnesses and stated that it would be the duty of the Attorney-General to supply these names "at the commencement of the trial." The court was vested with authority to determine, as a matter of discretion, the date, prior to the actual commencement of the *Wade* hearing, when the names should be furnished. The assigned calendar date is January 6, 1974. If that date is certain then the names should be supplied sufficiently in advance to give petitioners reasonable opportunity to prepare their defense. Special Term further stated that there were "compelling circumstances" in connection with the disclosure of the names. The order directing disclosure of specific names to petitioners will, undoubtedly, contain such conditions and requirements as the court considers necessary to deal with the compelling circumstances to which Special Term alluded. In view of the circumstances in the instant matter we do not find it necessary to reach the question of whether an article 78 proceeding is the proper vehicle for the relief requested by petitioners. (Article 78 proceeding in the nature of mandamus to compel disclosure.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

■ In the Matter of LAWRENCE J. FANCHER, Appellant, v. PAUL J. REGAN, as Chairman of the New York State Board of Parole, Respondent. (Appeal No. 1.) — Judgment unanimously reversed and matter remitted to Supreme Court of Cayuga County to grant relief in accordance with the following memorandum: The petitioner has appealed from a judgment of the Supreme Court in Cayuga County which dismissed his article 78 proceeding without a hearing, in which he sought an order to compel respondent commissioner to state reasons for denying him parole. When petitioner appeared before the parole board in February, 1974 parole was denied with the statement "held for year 2-75 Parole Board"; no further explanation or reason was provided. This court and the Federal Circuit Court of Appeals for the Second Circuit (New York) have held that a prisoner denied parole must be furnished with a meaningful statement of the reasons therefor in order to insure due process requirements and provide a basis for effective appellate review (*Matter of Cummings* v. *Regan,* 45 A D 2d 222, 224; *United States ex rel. Johnson* v. *Chairman, New York State Bd. of Parole,* 363 F, Supp. 416, affd. 500 F. 2d 925, 929). This matter should be returned, therefore, to Cayuga County Supreme Court for appropriate action (*Matter of Phillips* v. *New York State Bd. of Parole,* 46 A D 2d 1003). (Appeal from judgment of Cayuga Supreme Court in article 78 proceeding.) Present — Witmer, J. P., Moule, Cardamone, Goldman and Del Vecchio, JJ.