Eugene W. Bergin, J.
The defendants Charles J. Privitera and Samuel F. Privitera have been indicted by the Monroe County Grand Jury charging them with the crime of grand larceny second degree. It is alleged that the defendants committed the crime .of grand larceny by planning and staging an automobile accident and by fraudulently processing a claim with the Mutual of Omaha Insurance Company.
The defendants, after indictment, bring the omnibus criminal motion and request that several matters be made discoverable to them pursuant to GPL article 240. Many of these issues have been decided ¡by ,the court hut there are two areas which require more extensive treatment. The defendants move for inspection of all reports, papers, and forms of the Hew York State Police, the Monroe County Sheriff’s office and the City of Rochester Police Department which relate to the investigation and arrest of the defendants including “ arrest reports ”, “ general reports ” and supplemental reports. The defendants further request that the District Attorney disclose if any consideration or leniency was promised to any witnesses in exchange for his testimony.
Our Court of Appeals has not addressed itself to the precise question as to Avhether police reports are discoverable to a defendant pursuant to CPL 240.10 (subd. 3). There are continual requests made to the trial courts for police reports on behalf of defendants in their omnibus motions for discovery. Several trial courts have considered the problem and have held that police reports are not “ Exempt property ” and thus discoverable by defense counsel. (People v. Wright, 74 Misc 2d 419; People v. Rice, 76 Misc 2d 632.)
In these two cases the court determined that “ exempt property” does not encompass routine police reports, rather the term is limited to police reports that contain work product consisting of legal opinions, theories and statements of witnesses. *346 These decisions are based on the concept that broad pretrial discovery will encourage early disposition of cases and thus have a salutory effect.
A very extensive examination of criminal discovery by the learned Mr. Justice Jambs 0. Moore in deciding the many requests brought by the Attica defendants does not reach the same conclusion that police reports are as a matter of right discoverable by defense counsel. (People v. Bennett, 75 Misc 2d 1040.)
A precise reading of the statute would indicate that police reports are “Exempt property” and not discoverable.
‘ ‘ Exempt property ” means (a) reports * * * made by * # * police officers ” (CPL 240.10, subd. 3).
To read into this statute that police reports should be discoverable is not consistent with the language no matter how salutary and otherwise worthwhile the motive for so doing may seem. Our Legislature has considered what property should be discoverable and their determination should not be disturbed. Pretrial discovery is not an area of constitutional dimension, but rather has been left to the several States to determine their own criminal discovery procedures. Nor has Brady v. Maryland (373 U. S. 83) created any pretrial remedies of discovery.
For trial courts to establish .a rule for the blanket discovery of all police reports may not be conforming to our appellate decision in this area. Police reports usually contain the name of the victim of the crime and the names and addresses of any possible witnesses, together with their observations. It has been held that statements of witnesses are discoverable only after they testify and not before trial. (Jencks v. United States, 353 U. S. 657; People v. Rosario, 9 N Y 2d 286.) The Supreme Court has approved of the procedure of the prosecution providing statements of witnesses to defense counsel after the witness has testified and has indicated that he has given a pretrial statement to the police. Even the failure of defense counsel to ask a witness if he has made a statement to the police places no burden upon the prosecution to supply the unasked for written statement. (Moore v. Illinois, 408 U. S. 786, 795.)
The New York cases that have allowed discovery of police reports have created a .category of police reports that are the result of work product and are thus not discoverable. But this is a distinction that at best is difficult to ascertain. One court has held that observations of a police officer are work product and not discoverable. In People v. Lawrence (74 Misc 2d 1019) the court held that the part of the alcoholic influence report *347 entitled visual examination is not discoverable since it consists of the observation of the arresting officer and constitutes his work product and thus is exempt from discovery. It would thus follow that most material in a police report is the result of someone’s observation and thus not discoverable.
Our Court of Appeals has refused to recognize the existence of a right by defense counsel to names of witnesses. In People v. Lynch (23 N Y 2d 262, 27.2) the court referring to the pretrial release of names of witnesses said, “But if, indeed, such discovery may be had in the trial court’s discretion, the refusal of discovery in this case was not an abuse of that discretion” (emphasis added). (See, also, United States v. Cobb, 271 F. Supp. 159.)
¡Since there is no inherent right on the part of the defendant to be given the names of witnesses it would seem that the police report which contains such names and oftentimes observations of witnesses, should not as a matter of right be discoverable. This court concludes that police reports are therefore ‘ ‘ Exempt property” and not discoverable pursuant to CPL 240.10 (subd. 3).
It is ¡obvious .that there are certain risks in the disclosure of names of witnesses and until such time as our Legislature is more specific or our appellate courts determine that it is in the best interest of our criminal justice system to disclose the names and addresses of the victims and witnesses to crime this court will classify police reports as ‘ ‘ Exempt property ’ ’.
The defendants make a further request for discovery and demand that the District Attorney disclose if any consideration or leniency was promised to any witness in exchange for his testimony. The defendant draws attention to the prosecutor’s duty to disclose a promise of leniency made to an accomplice in exchange for testimony. (People v. Savvides, 1 N Y 2d 554; People v. Mangi, 10 N Y 2d 86; People v. Washington, 32 N Y 2d 401; People v. Graziano, 38 A D 2d 127.) There is now no question that the jury must be fully informed of any promise of leniency made to a witness in order that they may be in a better position to thoroughly appreciate and evaluate the testimony of the accomplice. The prosecutor must ¡disclose the promise by his own statement or by appropriate examination of a witness at trial. (People v. Savvides, supra, p. 556.) This duty of the prosecutor to disclose any promise of leniency however does not create any pretrial discovery rights. The defendant’s rights of effective confrontation and cross examination are significantly different at trial than they are at a pretrial motion. *348 (People v. Hvisd, 70 Misc 2d 654.) The establishment of a trial right iofi disclosure does not therefore create a pretrial right of discovery.'
It -would -also follow itihat since the names of witnesses are not discoverable then any statement of a ¡witness or accommodation arrangements with witnesses would not be the subject of pretrial discovery. The prosecutor is aware .of his duty of disclosure at trial and therefore the request by the defendant of disclosure at this time is denied.