Vito J. Titone, J.
In this prosecution of three codefendants for bribery of a public servant (Penal Law, § 200), the defendants move for an audibility hearing of a tape recording made of a conversation or conversations of one or more of defendants, either made with a law enforcement officer, or overheard by said official.
Motion is granted. The People shall permit the defendants and their attorney to hear such recording or recordings not less than 10 days before trial, and also have scientific tests performed as to the integrity of such tape or tapes. Furthermore, the People shall furnish defendants’ attorney with a transcript of the contents of such tape or tapes not less than 15 days before trial.
The court strongly believes that justice can best be served, and the rights of a defendant best protected, by permitting a defendant the fullest disclosure possible within the framework of statutory and decisional law.
With reference to the within motion, the court takes the position that the extent of a defendant’s right to disclosure prior to trial of the contents of any recorded statements he made to, or conversations he had with, law enforcement officers, does not depend on whether the People intend to use such material on its direct case, or for the purpose of impeachment. The argument that such disclosure permits a defendant to “slant” or "tailor” his defense, sometimes advanced by prosecutors, is specious. The People have unlimited access to such recorded conversations in its possession, and undoubtedly prepare its case to obtain the maximum favorable inferences from the use of such material at the trial. Under our concept of "equal justice for all”, a defendant should be afforded no less an opportunity to peruse and use such material for his benefit.
In this regard, the court does not believe that its determination in any way conflicts with the holding in Harris v New York (401 US 222). In Harris, the United States Supreme Court held that a defendant who takes the stand may be impeached by a prior inconsistent statement, even though such statement was inadmissible in the State’s case in chief *1031 because of constitutional infirmities besetting such statement. Harris does not hold, however, that because such statement or conversation may be inadmissible on the People’s direct case, that a fortiori, the defendant may not have pretrial disclosure of the contents of such statement or conversation. Indeed, to permit the People to withhold such disclosure because it acknowledges that such statement or conversation might have been obtained in violation of defendant’s rights, and then permit it to use such information to impeach the defendant at the trial, would afford the People an advantage based on its own misconduct.
It has been cogently held that disclosure should not be denied solely to give the prosecution a tactical advantage or to lay the basis for trial by ambush (People v Utley, 77 Misc 2d 86; People v Blair, 64 Misc 2d 519, 521). Such is all the more true when the tactical advantage might have been obtained by means of prosecutorial misconduct. As aptly stated in People v Utley (77 Misc 2d 86, 96 , supra): "Truth is best revealed by a decent opportunity to prepare in advance of trial. Where the liberty and reputation of a defendant are in jeopardy, every reasonable opportunity and facility should be afforded him in the preparation of his case.”
Accordingly, the defendants’ motion for an audibility test is granted as set forth supra (see People v Steinman, 44 AD2d 839).