E. Leo Milonas, J.
The defendant has been charged with attempted assault in the third degree, obstructing governmental administration, and harassment. He entered a plea of “not guilty” and, subsequently, made a motion for a bill of particulars and discovery, on which the court has already rendered a decision. The People now move, pursuant to CPL 240.20 (subd 4), for reciprocal discovery of the names, addresses, birthdates, and pretrial statements of witnesses whom the defense intends to call at trial. The defendant urges that this court reject the prosecutor’s request, offering a number of arguments in support of his contention.
There is no question that the future trend is toward more *585 liberal discovery by both the defendant and the People. Broad discovery should serve to expedite and facilitate the operation of the criminal process without sacrificing any of the accused’s constitutional protections. The defendant, having detailed knowledge of the case against him, will be in a position to enter into plea negotiations on an informed basis. There will be less of an incentive to hold frivolous trials and, since both parties will be better prepared, a more satisfactory disposition of cases that do proceed to trial. Further, liberalized discovery will operate to minimize the not infrequent tendency of criminal actions to disintegrate into a legal contest between the prosecution and the defense over who can outmaneuver the other.
Currently, a nationwide re-evaluation, on both the Federal and State levels, is taking place in the whole area of pretrial disclosure. The American Bar Association’s Project on Standards for Criminal Justices, Standards Relating to Discovery and Procedure Before Trial (hereinafter referred to as the ABA Standards), and the Law Enforcement Assistance Administration’s National Advisory Commission on Criminal Justice Standards and Goals (hereinafter referred to as the NAC Standards) have both proposed model discovery provisions upon which much local and Federal interest is focused and which many jurisdictions have begun to implement, either through legislative enactment or judicial rule-making authority. The Federal courts, although confronted with a statute, rule 16 of the Federal Rules of Criminal Procedure (US Code, tit 18, Appendix, rule 16), which is somewhat more restrictive than New York law, have generally shown greater flexibility in authorizing broad discovery. Various District Courts around the country have instituted procedures advocated by the ABA Standards, such as the omnibus hearing, and at least 22 States have substantially adopted the Standards. New York State has itself completed a comparative analysis of its criminal procedure in relation to the ABA proposals. In fact, several bills have been introduced before the Legislature which would greatly broaden the existing discovery provisions as to disclosure by both the prosecutor and the defendant.
In general, the present New York discovery law follows that of its Federal counterpart, rule 16 of the Federal Rules of Criminal Procedure. Rule 16 is a totally discretionary statute in that there is no provision for mandating disclosure of any item, including written or recorded statements of the defend *586 ant to law enforcement officials or the defendant’s recorded testimony before the Grand Jury, which under CPL 240.20 (subd 1) are both required to be ordered by the court upon defense motion. However, the discovery of all other property, whether consisting of reports and documents of physical or mental examinations or scientific tests and experiments within the possession, custody or control of the government, or any other items designated by the defendant which is not deemed to be exempt, as defined by CPL 240.10 (subd 3), is discretionary under New York law, as it is under rule 16.
In practice, New York courts have varied widely in their application of CPL article 240 in conformity with the great latitude permitted therein. While the courts have generally authorized disclosure pursuant to CPL 240.20 (subd 2), which provides for discretionary discovery of reports and documents of physical or mental examinations and scientific tests and experiments, it is subdivision 3 of that same section, referring to discretionary disclosure of "any other property specifically designated by the defendant, except exempt property”, which has created the most divergence of opinion. Some courts grant disclosure of almost any item requested by the defendant, others have so strictly construed article 240 as to disallow discovery for all material other than that expressly enumerated under subdivisions 1 and 2 of CPL 240.20, and still other courts have adopted an eclectic approach, depending on the circumstances of the case and the personal philosophy of the particular Trial Judge involved.* Consequently, the result has frequently been an utter lack of consistency in the practice relating to pretrial disclosure.
This court, believing that adoption of the ABA Standards is highly desirable for the reasons heretofore stated, intends to follow those guidelines so far as consistent with New York *587 law. The Standards require the prosecution to take the initiative in supplying defense counsel with such material and information as the names and addresses of witnesses whom the government plans on calling at a hearing or trial, together with their relevant written or recorded statements; statements of the accused or his codefendant; those portions of Grand Jury minutes containing the testimony of the defendant and of witnesses to be called at a hearing or trial; prior criminal convictions of government witnesses; and real evidence. The prosecution need not disclose its work product, identity of informants when failure to disclose does not infringe the defendant’s constitutional rights, or material involving a substantial risk of grave prejudice to national security. The Standards also provide that the prosecution make available to the defense property that is conducive to inspection, testing, copying, and photographing and that, upon request of the defendant’s attorney, the People permit inspection, testing, copying, and photographing of any relevant property or information regarding searches and seizures,' the acquisition of statements from the accused, and the relationship, if any, of specified persons to the prosecuting authority. Further, the Standards contain a section dealing with the discretionary disclosure of items not previously covered.
Since CPL 240.10 (subd 3, par [b]) defines "Exempt property” to include the "records of statements made to [such] parties, attorneys or agents by witnesses or prospective witnesses in the case”, discovery in New York may not be ordered as to this particular item, which is authorized under the ABA Standards. The Standards also allow for reciprocal discovery, and both sides have the continuing duty to disclose additional property and information as they learn of its existence.
While the ABA Standards covering pretrial disclosure are lengthy and extremely detailed, the NAC Standards deal with the whole area in a single section, Standard 4.19, which provides for the prosecutor to take the initiative in supplying the defendant with all available evidence that will be used against him at trial, including, but not limited to the names and addresses of witnesses; the written, recorded or oral statements of witnesses, the accused, or any codefendant; the results of physical or mental examinations, scientific tests, and any analysis of physical evidence, as well as any reports or statements of experts relating thereto; and physical evi *588 dence belonging to the defendant or which the District Attorney intends to introduce at trial. This Standard also states that the prosecutor should disclose any evidence of the above description that subsequently becomes available, as well as any evidence or information that might reasonably be regarded as potentially valuable to the defense.
It is clear that both the ABA Standards and the NAC Standards are both very liberal in authorizing disclosure. However, there are certain differences between the two proposals, among which are the following: (1) Rule 2.6 of the ABA Standards carves out three categories of information not ordinarily subject to discovery: work product, informant’s identity, and matters of national security. The NAC Standards provide no exceptions as to the type of information or material which may be legitimately withheld from the defendant by the prosecution; (2) ABA Standard 4.2 refers to a continuing duty to disclose on the part of both parties, while the NAC Standards require this solely of the prosecution; and (3) the NAC Standards do not contain a pretrial procedure comparable to the three-stage process outlined in the ABA Standards.
The People, in the instant case, have requested reciprocal discovery of certain enumerated items. In New York State, discovery by the People is limited by CPL 240.20 (subd 4) only to property of the "same kind or character” as that which has been granted to the defendant. If, for example, the District Attorney asks disclosure of medical reports concerning the defendant, the court may authorize such disclosure only if the defendant has previously made a motion for discovery of the same sort of material. See People v Traver (70 Misc 2d 162, 164) in which the court denied the prosecution’s request for the defendant’s medical reports, stating that "once the court has granted a defense motion for discovery, the District Attorney can request the court to condition its order by directing discovery of property which is in the control of the defendant. This is not the case here since no motion for discovery by the defendant is pending”.
Clearly, under CPL 240.20 (subd 4), the People have no right to make an independent motion for discovery and, to this extent, New York State law does not provide for unrestricted reciprocal discovery. In People v Brown (72 Misc 2d 526), the court held, in an obscenity prosecution, that the District Attorney was not entitled to discovery. However, since the term "same kind or character” is not defined in the statute, *589 these words can be interpreted in a broad sense so as to allow for more liberal reciprocal discovery. If the defendant moves for disclosure of any type of scientific or physical or mental reports, tests and experiments made in connection with the case, then the People would be authorized to seek discovery of property within the possession, custody or control of the defendant which falls within that general category. Therefore, if the defendant requests autopsy and fingerprint reports, he could be required to give the prosecution copies of medical reports.
CPL 240.20 (subd 4) is clearly more restrictive than Standard 3.2 of the ABA Standards and Standard 4.9 of the NAC Standards. According to Standard 3.2 of the ABA’s proposals, the trial court, subject to constitutional limitations, may require that the prosecutor be informed of and permitted to inspect, copy, or photograph any reports, results, or testimony relating to physical or mental examinations, scientific tests, experiments, or any other reports or statements of experts which the defense counsel intends to use at a hearing or trial. Standard 4.9 of the NAC Standards simply provides that the defendant should disclose any evidence he intends to introduce at trial, including an intent to rely on an alibi or insanity defense, except that the defendant need not indicate whether he himself will testify at trial nor make available any of his own statements.
In comparing the New York provision regarding reciprocal discovery with the standards suggested by the ABA and the NAC, it is most notable that the latter do not condition disclosure by the defendant on prior disclosure by the prosecution and would authorize discovery by the People subject only to constitutional limitations. This being the case, neither standard, as presently worded, can be adapted to New York practice without amending the Criminal Procedure Law. However, within the requirements of CPL 240.20 (subd 4), broad reciprocal discovery may be ordered by the court, including names and addresses of defendant’s witnesses other than that of the defendant himself.
CPL 240.20 (subd 4) refers to property of the defendant "which he intends or is likely to produce at the trial.” Both the ABA and the NAC Standards also restrict discovery by the People to material which the defendant plans to introduce at a hearing (ABA Standards) or at trial (ABA and NAC Standards). Thus, a defendant need not reveal in advance of *590 trial anything that he will not disclose during trial, and if there is good faith uncertainty as to whether certain evidence should be produced, the National Advisory Commission regards failure to disclose under these circumstances as justifiable.
Further, the testimony of the defendant himself must be accorded different treatment than that of other defense evidence in order to avoid the Fifth Amendment prohibition against self incrimination. See Brooks v Tennessee (406 US 605), in which the United States Supreme Court declared unconstitutional a State law requiring a criminal defendant desiring to testify in his own behalf to take the stand before the introduction of any other defense evidence. The court held that this procedure constituted a violation of an individual’s right against self incrimination since it prevented a defendant from deciding whether or not to take the stand after evaluating the other defense testimony. In view of Brooks v Tennessee (supra), it is evident that a defendant cannot be forced to commit himself in advance of trial as to whether he will testify.
There is very little authority in New York State on the issue of the right to discovery by the prosecution (see People v Rexhouse, 77 Misc 2d 386). While some cases can be found in other State jurisdictions on the subject, the number is relatively small. For instance, California has generally held that it is not prejudicial error to require defense counsel to supply the names and addresses and expected testimony of defense witnesses. (Jones v Superior Ct. of Nevada County, 58 Cal 2d 56; People v Pike, 71 Cal 2d 595; and Prudhomme v Superior Ct. of Los Angeles County, 2 Cal 3d 320; see State ex rel. Keller v Criminal Ct. of Marion County, 317 NE2d 433 [Sup Ct, Ind].)
In People v District Ct. of County of Larimer (531 P2d 626 [Sup Ct, Col]), there was a constitutional challenge to rule 16, part II ([b], [c]) of Colorado’s Criminal Procedure which grants independent discovery rights to both the prosecution and the defendant. In upholding the validity of the Colorado statute, the court stated that the trial court must first determine whether discovery which has been objected to will constitute a violation of the defendants’ constitutional rights. Second, the trial court, in its discretion, may order disclosure of those scientific and medical reports and defense theories, together with the names and addresses of supporting witnesses, which *591 the defendant intends to offer at the time of trial. Third, the decision whether to allow discovery should not, according to the court, turn on whether the defendant has first moved for discovery of the prosecution’s case, or whether the State’s discovery motion has been denied as overbroad. The court discussed the opinion of the United States Supreme Court in Wardius v Oregon (412 US 470), which struck down an Oregon statute which compelled the defendant to provide the District Attorney with notice of intention to rely on an alibi defense at trial, but which did not compel the prosecution, in turn, to supply the names and addresses of rebuttal witnesses. In the view of the Colorado Supreme Court, the State law under consideration was not unconstitutional because it provided for independent discovery by the prosecution, as well as the defense; that is, reciprocity was present in that both parties, in effect, had equal access to discovery.
Rule 16 of the Federal Rules of Criminal Procedure contains a provision which is very similar to CPL 240.20 (subd 4) in its wording and construction. Like the New York statute, it is conditional in nature — that is, upon the granting by the court of a defense motion for discovery. Some years ago the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States suggested an amendment to rule 16 of the Federal Rules of Criminal Procedure which, along with expanding the defendant’s discovery rights, would afford the prosecutor the right to discovery of both physical evidence which the defendant intended to introduce at trial and the names of his prospective witnesses. (Preliminary Draft of Proposed Amendments to the Fed Rules of Crim Pro for the US Dist Cts, 48 FRD, 553, 587.) Although the proposed amendment is intended primarily to facilitate more liberal discovery for defendants, it would also grant the prosecutor an independent right of discovery and enlarge the scope of discoverable items to include the names and addresses of defense witnesses. Further, documents, tangible objects, and scientific reports which the defendant intended to introduce at trial, as well as the names and addresses of witnesses, would be discoverable as a matter of right.
While the future trend definitely appears to favor greater disclosure by the defendant, there are potential constitutional problems involved. Safeguards thus must be applied to prevent violation of a defendant’s Fifth Amendment right against self incrimination, as well as infringement of the attorney- *592 client privilege between the defendant and his lawyer. In Williams v Florida (399 US 78), the United States Supreme Court upheld the validity of a State rule requiring a defendant to give advance notice of an alibi defense, including the place he claims to have been and the names of witnesses upon whom he intends to rely, declaring that the Florida statute did not violate the privilege against self incrimination. However, the court in Wardius v Oregon (412 US 470), subsequently clarified its earlier opinion by asserting that the defendant could only be compelled to give notice of such alibi evidence when he is entitled to reciprocal discovery rights.
The privilege against self incrimination extends only to testimonial compulsion, which includes statements or the production of documents or chattels in response to a subpoena or other form of court order. It "offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications’ or 'testimony,’ but that compulsion which makes a suspect or accused the source of 'real or physical’ evidence does not violate it.” (Schmerber v California, 384 US 757, 764 [obtaining defendant’s blood sample for analysis].) (See, also, United States v Wade, 388 US 218 [requiring defendant to participate in a lineup and to speak], and Gilbert v California, 388 US 263 [taking handwriting exemplars from defendant].)
In People v Damon (24 NY2d 256), the trial court directed the defense to supply the prosecution with the prior statements of witnesses who testified for the defendant for the purpose of cross-examination. According to the Court of Appeals, the privilege against self incrimination applies only to evidence obtained from the defendant himself, and that therefore the defendant was not here being compelled to incriminate himself.
CPL 250.20 (as amd by L 1974, ch 420, § 1), was a direct result of Wardius v Oregon (supra), and establishes a reciprocal alibi notice requirement in New York. CPL 250.10 mandates that a defendant serve notice upon the People of intention to rely upon the defense of mental disease or defect and prescribes preclusion as a sanction for failure to comply. While there is no notice requirement attached to other de *593 fenses which the defendant may raise, such as infancy, justification, duress, renunciation, and entrapment, there would appear to be no constitutional impediment, in light of Wardius v Oregon (supra), to order, in the court’s discretion, such disclosure, including names and addresses of witnesses which the defendant plans to call in reliance thereon, so long as the defendant has equal access to the prosecution’s list of prospective witnesses. If counsel for the defendant is genuinely undecided as to whether or not to introduce certain testimony or other evidence at trial, the court should refrain from imposing any sanctions on his failure to disclose under these circumstances. Further, to protect a defendant’s rights in instances where he objects to an order granting discovery to the People, the court must first make a determination as to the validity of those objections. CPL 240.20 (subd 5) already authorizes the court, upon application of the People to "permit the People to make a showing in opposition to a motion for discovery, or in support of an application to restrict, qualify or defer such order, wholly or partly in the form of a written statement to be inspected by the court in camera. ” The defendant is certainly entitled to the same protection.
In the event of disobedience to a court mandate regarding discovery, the ABA’s Standard 4.7 suggests that the following sanctions be applied:
"(a) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances.
"(b) Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court.”
In its Commentary, the Special Committee on Standards for the Administration of Criminal Justice, which formulated the proposals in the ABA Project, stated that it considered it preferable to leave the issue of sanctions largely to the discretion of the trial court, since providing for preclusion would result in difficulties when applied against defendants and unfairness if employed only against the prosecution. In the view of the committee, use of the court’s contempt power *594 would be particularly appropriate to deal with willful infractions by lawyers.
The National Advisory Commission, on the other hand, in Standard 4.9 proposes that: "Evidence, other than the defendant’s testimony that has not been disclosed to the opposing side may be excluded at trial unless the trial judge finds that the failure to disclose it was justifiable * * * Where appropriate, a person failing to disclose evidence that should be disclosed should be held in contempt of court.”
Thus, according to the commission, in situations where exclusion of defense evidence might work an unjustifiable disadvantage to the defendant, reliance upon the contempt power against the noncomplying attorney would be a preferable remedy to exclusion of the evidence.
Subdivision (g) of rule 16 of the Federal Rules of Criminal Procedure also emphasizes exclusion as a remedy to disobedience by either party, although it too would permit the court to cite for contempt, grant a continuance, or enter any other order it deems just under the circumstances. CPL 240.40, which was largely adopted from this rule, provides the court with wide discretion in dealing with the failure of one of the parties to comply with a discovery order. CPL 240.40 states that if "after complying with an order of discovery a party finds, either before or during trial, additional property which is subject to or covered by such order, he must promptly notify the other party or the latter’s attorney or the court of the existence thereof. Upon being apprised of any breach of such duty, the court may order the violating party to permit inspection of the subsequently discovered property, or grant an adjournment, or refuse to receive such property in evidence, or take any other appropriate action.” This provision enables the court, in imposing an appropriate sanction, to consider the reasons why disclosure was not made, the extent of the prejudice involved, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances.
CPL 250.10, which requires that the defendant serve notice of his intention to rely upon the defense of mental disease or defect, mandates. preclusion if such notice is not filed. In Matter of Lee v County Ct. of Erie County (27 NY2d 432, cert den 404 US 823), the defendant pleaded insanity as a defense to his indictment for murder and was ordered by the court to undergo a psychiatric examination. He refused to answer the *595 examining psychiatrists’ questions, thereby preventing their giving any opinion as to his mental condition. The Court of Appeals asserted that the county court had properly directed the matter to proceed to trial, precluding the defendant from offering psychiatric evidence on his behalf. Thus, if the defendant did not demonstrate to the court that he had fully cooperated in the mental examination, the court would consider his offer of psychiatric testimony inadmissible. However, the county court’s further decision to strike the defendant’s plea of not guilty by reason of insanity was held to be an improper sanction. While the defendant was barred from introducing psychiatric testimony due to his failure to co-operate, he would be allowed to offer other proof, if he had any, relevant to his defense.
CPL 250.20, which is the notice of alibi statute, specifically provides for the possibility of exclusion in the event of lack of compliance by the defendant, or reciprocally, the People. It is therefore evident that this sanction, as applied to the defendant, is authorized under New York law. The question then becomes the appropriateness of such a remedy. Unfortunately, a clear-cut rule is difficult to formulate, since the circumstances in each case vary widely. Certainly, neither preclusion nor contempt are sanctions which should be readily imposed, since it is preferable to induce compliance with the court’s order by other means. To that end, continuances can be granted where practicable and which involve minimal prejudice to the opposing party. Where it is clear that a disobedient defendant has not made a good faith effort to comply with the court’s mandate and does not intend to do so in the future, exclusion would seem to be the preferable remedy, except where the result would be to cause an unjustifiable burden on the defendant’s case. Only then should the court contemplate possible contempt proceedings against either the defendant or his attorney.
In the matter herein before this court, the defense, in response to the People’s motion for discovery, contends that the District Attorney has not met the requirements of CPL 240.20 (subd 4), since he has failed to demonstrate that the information being sought is material to a preparation of the People’s case, that the request is reasonable, and that the items demanded are within the defendant’s control. However, the defendant, in previously submitting his own motion made no greater showing of materiality or reasonableness than does *596 the prosecution, and, yet, his requests have been largely granted. (See CPL 100.45, 200.90, 240.20 [subd 3].) The fact is that the courts have seldom construed strictly such requirements in deciding motions for bills of particulars and discovery, in that doing so would place a great, often impossible burden on the parties involved and would, in many instances, work an injustice on the defense. For the defendant now to insist on an overly technical construction is to expect the court to interpret the same words to mean more where one party is concerned than the other.
The defendant also claims that the names and addresses of witnesses are not discoverable under CPL article 240. He cites CPL 240.10 (subd 2), which defines "Property” as "any tangible personal or real property, including books, records and papers” in support of his argument that names and addresses do not constitute such "tangible personal or real property”. However, subdivisions 1, 2, and 3 of CPL 240.20 all contain the term "property,” and the defendant, in his own motion, also requested the names and addresses of witnesses, which the court has granted him. He does not now assert that the court’s previous order was in error, but explains away the apparent discrepancy between his earlier request and his current position by contending that, while the names and addresses of witnesses are not discoverable, such information may be obtained through a bill of particulars. The sole function of a bill of particulars, however, is to define more specifically the crime or crimes charged in the accusatory instrument. (People v Gaissert, 75 Misc 2d 478; People v Smalley, 64 Misc 2d 363; People v Ricci, 59 Misc 2d 259; and People v Golly, 43 Misc 2d 122.) The names and addresses of witnesses are strictly evidentiary material not unauthorized under a bill of particulars. (See CPL 200.90 [subd 3].) The ABA and NAC Standards both include this item among discoverable information, and courts have never considered a demand for names and addresses of witnesses to belong in a motion for a bill of particulars. As to the defendant’s statement that the definition of "property” excludes names and addresses, it should be clear to defense counsel that, here too, an insistence upon an overly technical interpretation of the words "tangible personal or real property” will, in most cases, operate to the detriment of the defendant. In practice, courts have never held to such a strict construction and have commonly regarded "property” to include lists of various items, whether an inventory of things *597 seized from a defendant by law enforcement officials or names and addresses of witnesses. (See People v Rice, 77 Misc 2d 582; Matter of Vergari v Kendall, 76 Misc 2d 848, affd 46 AD2d 679; People v Bottom, 76 Misc 2d 525; People v Bennett, 75 Misc 2d 1040; and People v Barnes, 74 Misc 2d 743.)
According to the defendant, whatever the general rule, granting reciprocal discovery would be an abuse of discretion in this particular case and would result in a deprivation of the defendant’s constitutional rights. The court disagrees. If the defendant is concerned over the possibility of his witnesses being intimidated from testifying by police or prosecutorial interrogation, then his proper remedy is to apply to the court for a protective order pursuant to CPL 240.20 (subd 5) which provides that at "any time after issuance of an order of discovery and before complete compliance therewith, the court may, upon a sufficient showing by the party ordered to permit inspection, vacate, restrict, qualify or defer the order of discovery or make any other order which is appropriate.” The fact that the defendant’s witnesses might, at one time, have approached the police and been rebuffed in their attempt to talk to them does not mean that the material being sought is not therefore "within the possession, custody or control of the defendant”, as mandated by CPL 240.20 (subd 4). The District Attorney has not waived his right to discovery of names and addresses merely because the prosecution might, with more diligence, have been in possession of that information at ati earlier date.
The defendant also argues that disclosure of the names and addresses of his witnesses would violate the constitutional and statutory rights of his codefendant, George Moore. Since the anticipated witnesses are allegedly basically the same for both men, the People would thus be getting disclosure of Moore’s witnesses without the latter having moved for discovery. First, it must be noted that there is a real question as to whether counsel for defendant Green has the standing to raise legal issues on behalf of Moore. But apart from the matter of standing, this court fails to see how Moore would be deprived of any rights to which he would otherwise be entitled by the defendant’s having to disclose specified items, since Moore would not be bound or precluded in any way thereby. To uphold the defendant’s claim on this point would be to rule that, in all cases, reciprocal discovery constitutes a per se infringement of a defendant’s constitutional rights, which this *598 court clearly does not accept. Although the court can envision certain instances in which granting the prosecution’s request for disclosure as to one defendant might involve possible constitutional violations of a codefendant’s rights, there has been no specific showing herein to warrant consideration of a protective order pursuant to CPL 240.20 (subd 5).
The defendant’s final contention concerns the scope of the District Attorney’s motion. The People have asked for disclosure of the names, addresses, birthdates, and pretrial statements of witnesses whom the defense intends to call at trial. CPL 240.10 (subd 3, par [b]) defines exempt property to include "records of statements made to such parties, attorneys, or agents by witnesses or prospective witnesses in the case.” This being the case, this court has no choice but to modify its previous order with respect to defendant’s motion for discovery to exclude the pretrial statements of witnesses made to law enforcement officials. Accordingly, the prosecution’s demand for statements is also denied. The District Attorney’s request for the dates of birth of the defendant’s witnesses is denied, since this information is equally ascertainable by the People in view of the fact that the prosecution’s motion for the names and addresses of the witnesses the defense intends to introduce at trial is hereby granted. Defense counsel may, of course, apply to the court for a protective order should he wish to do so.
If the defendant, in light of the foregoing, still prefers to withdraw his request for the names and addresses of witnesses, the court grants him leave to do so, but only if he has not yet received a list of the names and addresses of the People’s witnesses.
This constitutes the order and opinion of the court.

 See People v Di Matteo, 80 Misc 2d 1029; People v Privitera, 80 Misc 2d 344; Matter of Black v Ball, 46 AD2d 1009; People v Guzman, 79 Misc 2d 668; People v Lupetti, 79 Misc 2d 323; People v Utley, 77 Misc 2d 86; People v Torres, 77 Misc 2d 13; People v Torres, 77 Misc 2d 161; People v Rice, 77 Misc 2d 582; People v Bottom, 76 Misc 2d 525; People v Rice, 76 Misc 2d 632; People v Goetz, 77 Misc 2d 319; People v Norman, 76 Misc 2d 644; People v Sumpter, 75 Misc 2d 55; People v Robinson, 75 Misc 2d 477; People v Fraiser, 75 Misc 2d 756; People v Robinson, 75 Misc 2d 807; People v Bennett, 75 Misc 2d 1040; People v Gaissert, 75 Misc 2d 478; People v Wright, 74 Misc 2d 419; People v Barnes, 74 Misc 2d 743; People v Lawrence, 74 Misc 2d 1019; Matter of Aspland v Judges of County Ct. of County of Suffolk, 42 AD2d 930, mot for lv to app den 33 NY2d 515; People v Royster, 73 Misc 2d 89; People v McMahon, 72 Misc 2d 1097; People v Leto Bros., 70 Misc 2d 347; People v Hvizd, 70 Misc 2d 654; and People v Zacchi, 69 Misc 2d 785.