**UNITED STATES of America**

v.

**Harold GOLDBERG.**

**Crim. No. 71-479.**

United States District Court,
E. D. Pennsylvania.

Dec. 22, 1971.

Richard M. Meltzer, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert F. Simone, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

The government has petitioned for reconsideration of that portion of an order entered by this Court on November 12, 1971, which requires the government "before the jury is empanelled and sworn" to supply all Jencks Act material, together with "any information known to the government which would constitute a basis for impeachment of the testimony of government witnesses," pointing out that, read literally, the order contravenes the provisions of the Jencks Act. 18 U.S.C. § 3500.

I recognize that the government may not be required to supply Jencks Act material before trial. The order was not intended to impose any such requirement, but merely to insure orderliness and reasonable promptness in the course of the trial.

The judicial machinery is under considerable pressure, and with good reason, to expedite the disposition of criminal cases. These pressures should be regarded as applying to prosecutors as well as judges. The mere fact that the Jencks Act precludes the Court from ordering disclosure of a witness' statements until after the witness has testified does not mean that in every case government counsel should be unwilling to expedite matters by making these statements available at such times as will eliminate trial delays while opposing counsel reads the material.

There are at least two principal disadvantages to blind adherence to the Jencks Act timetable: (1) The Court, the jury, the parties, counsel and witnesses must waste valuable time while papers are shuffled and documents are read and studied; and (2) unwillingness to make Jencks Act material available before the witness actually testifies is frequently symptomatic of general lack of preparation of the case by government counsel. If the case is truly prepared for trial, government counsel will know what to expect his witnesses to say on direct examination, and will be aware of what statements or portions of statements are subject to disclosure under the Jencks Act; and there will ordinarily be no valid reason for withholding these materials until the conclusion of the direct examination.

It is to be clearly understood, of course, that in any situation in which a valid prosecutorial purpose would be served by delaying the disclosure, the materials may properly be withheld until after the witness' testimony is concluded.

Within the foregoing guidelines, counsel on both sides will be expected to co-operate in advancing the cause of the prompt and efficient administration of justice.

Upon reflection, I agree that the words "before the jury is empanelled and sworn" can be interpreted as requiring pretrial disclosure. The order of November 12, 1971 is therefore amended by deleting those words, and substituting "at such times and in such manner as to avoid trial delays."

The government's objection to the language of the order relating to impeachment material is not well taken. Fairly interpreted, the order merely requires government counsel to comply with the Constitution.