OPINION
Jason L. Boyce appeals from his conviction for Assault after a bench trial in the Fairborn Municipal Court. Boyce argues that the trial court erred by failing grant a remedy for the prosecution's failure to disclose a witness' statement and for failure to permit his defense attorney to participate in the incamera inspection of a witness' statement under Crim.R. 16(B)(1)(g). Boyce also claims that Crim.R. 16(B)(1)(g) is unconstitutional in that the failure to inform defense counsel of the existence of witness statements deprived him of a fair trial.
We find, however, that the prosecution was not required to disclose the witness' prior statement until after she had testified upon direct examination. Boyce did not preserve error in regard to his failure to participate in in camera inspections, because the record does not reflect that he requested such participation. Finally, we do not find Crim.R. 16(B)(1)(g) unconstitutional. Accordingly, we affirm.
 I
The facts of the case are as follows: Boyce was charged with assault for an incident that occurred on December 22, 1997. On that day, Jason Boyce was riding as a passenger in a truck driven by Randy Coppock, when Coppock spotted Gary Ely driving by. Coppock tried to get Ely to pull over because he had loaned money to Ely and had not received payment. When Ely would not pull over, Coppock followed him to his house. Ely and Coppock then began to brawl while Boyce stood by.
Cynthia Leopold, Ely's fifteen year-old sister, saw the two men brawling from inside the house, through a window. That sight prompted her to run outside brandishing a cane. She testified that Boyce then tried to take the cane away from her and struck her in the face while doing so. Cynthia Leopold's mother, Yvonne Leopold, also testified that she saw Boyce strike her daughter in the face. Boyce testified, however, that he only took the cane from Leopold after she began hitting Coppock over the head with it, and he denied ever striking her in the face.
Coppock and Boyce were both charged with assault. Boyce's attorney filed a motion for discovery on March 6, 1998. The prosecutor provided a discovery packet but that packet did not contain a written statement by Yvonne Leopold that the state had in its possession. During his cross-examination of Yvonne Leopold at trial, Boyce's defense counsel learned of the existence of the written statement, which Leopold had mailed to the prosecutors. Boyce's counsel also learned of an earlier statement that Leopold had written, but which apparently had been lost. Because of these undisclosed witness statements, Boyce's counsel alleged that the prosecutor had used improper discovery tactics, and he moved to strike Yvonne Leopold's testimony.
After meeting with counsel in Chambers, the trial judge announced that she had reviewed the written statement in camera, pursuant to Crim.R. 16(B)(1)(g), and she found no inconsistency between the statement and Yvonne Leopold's testimony on direct examination. As a consequence, the trial court refused to permit defense counsel to use the statement at trial.
After trial on August 4, 1998, the trial court found the defendant guilty and sentenced him to pay a $150 fine and to serve a ninety-day sentence, suspended upon the condition that he perform twenty-four hours of community service, commit no similar offenses, and avoid contact with Cynthia Leopold and her family.
Boyce now appeals from his conviction for reasons relating to the disclosure of Yvonne Leopold's written statements.
 II
In his first assignment of error, Boyce claims that:
 THE COURT ERRED IN DETERMINING THAT THE PROSECUTION'S SUPPRESSION OF WITNESSES' WRITTEN STATEMENTS WAS NOT SUFFICIENT TO STRIKE THE TESTIMONY OF THE WITNESS, WARRANT A CONTINUANCE MISTRIAL OR A DISMISSAL THEREBY VIOLATING DEFENDANT'S DUE PROCESS RIGHTS TO A FAIR TRIAL.
Boyce's argument in support of this assignment of error has three parts. First, he asserts that the prosecutor had a duty to disclose, before trial, the existence of Yvonne Leopold's written statements, even if he did not have to turn over copies of the statements. Second, Boyce asserts, the prosecutor deliberately misled the defense by indicating that he had provided complete discovery before trial. Third, and finally, Boyce claims that the trial court's failure to strike Yvonne Leopold's testimony or grant a continuance constituted reversible error.
Regarding the first question, we note the basic principle that the prosecution has a constitutional duty to disclose evidence that is both exculpatory and material as to the guilt or punishment of the accused. See United States v. Presser (C.A. 6, 1988) 844 F.2d 1275, 1282-1283, citing Brady v. Maryland(1963),373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and United States v.Bagley (1985), 473 U.S. 667, 105 S.Ct.3375, 87 L.Ed.2d 481. There is, however, "no general constitutional right to discovery in a criminal case." Weatherford v. Bursey (1977), 429 U.S. 545, 559,97 S.Ct. 837, 846, 51 L.Ed.2d 30.
Federal law has adopted a special approach to discovery where the pretrial statements of prosecution witnesses are at issue. Under the Jencks Act, Section 3500, Title 18, U.S. Code, federal prosecutors must produce any statements by a witness in their possession once that witness has concluded her testimony on direct examination. The procedure mandated by the Jencks Act complies with the constitutional requirements of due process. Scales v.United States (1961), 367 U.S. 203, 257-258, 81 S.Ct. 1469,1500-1501, 6 L.Ed.2d 782. Ohio courts have adopted a similar, if not entirely parallel, procedure under Crim.R. 16(B)(1)(g).
Crim.R. 16 provides, in relevant part, as follows:
(A) Demand for discovery
Upon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided.
(B) Disclosure of evidence by the prosecuting attorney
(1) Information subject to disclosure. * * *
* * *
(g) In camera inspection of witness' statement. Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.
If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.
If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.
Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal.
(2) Information not subject to disclosure. Except as provided in subsections (B)(1)(a), (b), (d), (f), and (g), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal documents made by the prosecuting attorney or his agents in connection with the investigation or prosecution of the case, or of statements made by witnesses or prospective witnesses to state agents.
As subsection (B)(2) of this rule makes clear, the prosecution does not have to produce any statements made by prospective state witnesses except as provided in subsection (B)(1)(g). Subsection (B)(1)(g), in turn, only requires the prosecution to provide witness statements for in camera
inspection after direct examination of the witness at trial.
Two of the trial courts within our appellate district, the Montgomery County and Clark County Common Pleas Courts, have adopted a more open approach to the criminal discovery processes. Under Montgomery County Local Rule 3.03(I)(D)(2)(d)(2) and Clark County Local Rule 5(B)(b), all witness statements are turned over to defense counsel before trial as part of an information packet. These local rules survive based on the voluntary compliance of prosecutors. See State v. Lambert, (March 16, 1993), Montgomery App. No. 13483, unreported at 6. We continue to believe that compliance with these rules benefits the state, the accused, and the trial courts, see id., one of the chief advantages being the avoidance of delay caused when defense counsel is forced to examine for the first time statements that were unavailable before trial and the delay of possibly multiple in camera inspections after each witness' testimony on direct examination. Cf. UnitedStates v. Goldberg (E.D.Pa. 1971), 336 F. Supp. 1, 2 (Voluntary disclosure will "expedite matters by making these statements available at such times as will eliminate trial delays while opposing counsel reads the material."). It may be that the broad discovery rules of the Montgomery County and Clark County courts have created an expectation for such discovery in adjacent jurisdictions. As already noted, however, the Rules of Criminal Procedure do not require such pretrial disclosure of witness statements.
Nor does constitutional due process require pretrial disclosure of witness statements. See Presser, 844 F.2d at 1283. The Brady rule requires the state to disclose evidence that is both favorable to the accused and material to his guilt or punishment. See Pennsylvania v. Ritchie (1987), 480 U.S. 39, 57,107 S.Ct. 989, 1001, 94 L.Ed.2d 40. Most often a witness' statement is favorable to the defense because of its use for impeachment purposes. The exculpatory character of such evidence, however, may only be apparent after the witness has given testimony under direct examination, because only then would inconsistencies appear between the testimony and the prior statement. Thus, the duty to produce would not arise until then. There may be a duty for the prosecutor to turn over witness statements that are exculpatory on their face under Ohio's Crim.R. 16(B)(1)(f). See State v. Spitler (1991), 75 Ohio App.3d 341,352. There is no suggestion in this case that Yvonne Leopold's statement had such a character. In any event, where exculpatory information is revealed during trial as opposed to after trial, there is no unconstitutional violation of the Brady rule. Statev. Wickline (1990), 50 Ohio St.3d 114, 116.
Boyce argues, however, that the prosecutor had a duty to inform defense counsel before trial of the existence of any witness statements in the state's possession even if he did not have to disclose their contents. We conclude, however, that neither the criminal rules nor the Constitution mandates such disclosure. Although Crim.R. 16 B(1)(e) expressly requires prosecutors to produce a list of all witnesses whom they intend to call at trial, together with their addresses, the rule nowhere mentions a list of witness statements in the state's possession. It is apparent that, under the Ohio rule, no duty on the part of the prosecutor arises in connection with a witness' pretrial statements until after that witness has testified. See State v.Daniels (1982), 1 Ohio St.3d 69, 71 ("We construe Crim. R. 16(B)(1)(g) to mean that, once the trial court independentlydetermines that a producible out-of-court witness statementexists, attorneys for all parties must be given the opportunity to inspect the statement personally."); see also State v. White
(1968), 15 Ohio St.2d 146, 157 (adopting the procedural approach later codified in Crim. R. 16[B][1][g]) ("If the defendant does notknow of the existence of the evidence or the inconsistencies which it contains, he would not be able to request its production. There is, however, another alternative. The defense may request an in camera inspection by the court to determine the existence of any inconsistencies."). (Emphasis added.) Likewise, since the constitution does not mandate that exculpatory evidence always be disclosed before trial, it is not unconstitutional for defense counsel to learn of the existence of potentially inconsistent prior statements during trial.
The second prong of Boyce's argument is that the statements should have been provided to him before trial because the prosecutor had assured him that he had been provided with everything that the police had in the matter. Boyce suggests that such disingenuousness might be prosecutorial misconduct warranting reversal of his conviction. Establishing what the prosecutor told defense counsel, however, would require proof outside the record. A claim requiring such proof cannot appropriately be considered on a direct appeal. State v. Keith (1997), 79 Ohio St.3d 514, 536. Such a claim must be raised in a post-conviction relief petition.Id. In any event, it appears that the prosecutor complied with the rules of discovery in that he did not have to produce the statement before trial. Thus, if the prosecutor merely assured defense counsel that he had turned over everything that he was obligated to provide, that assurance was correct.
The third prong of Boyce's argument is that the court should have ordered a continuance, or stricken Yvonne Leopold's testimony as a consequence of the late disclosure of her earlier statement. Crim.R. 16(E)(3) provides for such remedies, at the trial courts discretion, when there has been a failure to comply with discovery. As we have already explained, however, it appears that the prosecutor complied with the dictates of Crim. R. 16(B)(1)(g). That rule, moreover, provides its for its own remedy. Upon the motion of the defendant, the trial court must conduct an in camera
inspection to see if any inconsistencies exist between the recorded statement and the witness' testimony. If such inconsistencies exist, the trial court must permit the defense to use the statement for cross-examination of the witness. Otherwise, the defense is not permitted to use the statement and the statement is preserved in the record for appeal.
We are unable to determine whether the trial court erred in not permitting defense counsel to cross-examine Yvonne Leopold regarding her prior statement because that statement has not been preserved in the appellate record. It is error for a trial court to fail to order a witness statement preserved in the record after a Crim.R. 16(B)(1)(g) inspection. State v. Bostick (1978),62 Ohio App.2d 39, 46. Nevertheless, Boyce has not assigned error in the trial court's failure to preserve the statement. In addition, the appellant bears the responsibility for ensuring that the record on appeal is complete. The trial court may have been able to remedy the error if Boyce's counsel had directed that the omission be corrected pursuant to App.R. 9(E). Thus, we see no reversible error in this connection.
Finally, Boyce has suggested that the prosecutor may have owed a duty to provide discovery regarding Yvonne Leopold's first written statement, which was apparently lost, prompting prosecutors to request a second such statement. Absent evidence of bad-faith on the part of prosecutors, such as an indication that a statement was intentionally destroyed, a lost statement is no longer in the state's possession. Thus, there is no duty to provide such a statement after the direct examination of the witness. See United States v. McCoy (C.A.6, 1988),848 F.2d 743., Appellant's first assignment of error is overruled.
 III
Boyce's second assignment of error is as follows:
 THE COURT ERRED IN REFUSING TO ALLOW DEFENSE COUNSEL TO PARTICIPATE IN THE IN-CAMERA INSPECTION OF THE WITNESSES' [sic] STATEMENT.
Crim.R. 16(B)(1)(g) requires a trial court to conduct an in camera inspection of a witness' prior statement "with the defense attorney and prosecuting attorney present and participating." InState v. Daniels (1982), 1 Ohio St.3d 69, the Ohio Supreme Court interpreted this provision to mean that defense counsel must have "the opportunity to (1) inspect the statement personally; and (2) call to the court's attention any perceived inconsistencies between the testimony of the witness and the prior statement."Id. at syllabus. Here, Boyce raises as error the trial court's failure to permit his attorney to inspect Yvonne Leopold's written statement.
It appears from the record that counsel for both sides joined the trial judge in chambers while the in camera inspection was conducted. The conference in chambers was not recorded, however. Still, there is some indication in the record that defense counsel did not have the opportunity to personally inspect the statement as required under Crim. R. 16(B)(1)(g) and the holding in Daniels. The transcript contains the following exchange that occurred shortly after the recess during which the court inspected the document:
 [Defense counsel]: * * * This witness testifies that she spoke to the police, told them what she witnesses. She then completed a statement provided to them. She then completed a second statement and provided it to them. [The prosecutor] then informs us that, yes, he does have such a statement. Having failed to provide those materials, I would argue pursuant to 16(B)(1)(c) and would move to strike the entire testimony of this witness since there was a Motion for discovery filed and there was assurance by [the prosecutor] that everything he had relevant to offer I had been provided.
 THE COURT: I'm going to overrule the Motion. The Court has reviewed Criminal Rule 16 while in chambers with counsel. It definitely does not fall under (B)(1)(f), disclosure of evidence favorable to Defendant. The Court did review actually a statement that was made in writing by Ms. Leopold to the Prosecutor and it was not favorable to the Defendant. The Court has reviewed it further and finds that there were no inconsistencies between the written document and her testimony here in Court. Criminal Rule 16(B)(1)(g) provides for witness' statements. It is very specific: Upon completion of a witness' direct examination at trial, the Court, on Motion of the Defendant, shall conduct an in camera inspection of the witness' written or recorded statement fwith Defense Attorney and Prosecuting Attorney present and participating to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement. The Court did just that in camera. And if the Court determines inconsistencies exist, the statement shall be given to the Defense attorney for use in cross-examination of the witness as to inconsistencies. Since the Court found no inconsistencies, the Court does not find that the statement should be given to the Defense attorney for use. Okay.
Do you want to continue your cross, please?
(Tr. 26-27). Defense counsel raised no further objections at that point.
If the previous exchange does not show with certainty that defense counsel did not get the opportunity to inspect the statement during the recess, the following exchange during closing arguments does provide a more direct indication:
 [Prosecutor]: Just to indicate the Court has heard all the witnesses' testimony. I guess it all comes down to the credibility of the witnesses. To some extent there is corroborating evidence as to an assault on Cindy. You have the photograph showing the redness under her left eye. Looking at the statements or the witnesses that were presented by the State, Cindy Leopold's testimony, and Yvonne Leopold's, both of their statements, testimony, were consistent. They were consistent with their prior written statements. And they were consistent with each other's written statements. And they were consistent with each other's statement, so they corroborated each other's statement.
 [Defense Counsel]: Your Honor, I'm going to object to any note of any statements because that is the subject of something that I have challenged and not been made privy to.
 THE COURT: I have been made privy to it. Keep on going. It is closing.
 [Prosecutor]: The Court has reviewed it. You have reviewed the statement at the request of the Defendant. And you found that they were not inconsistent. * * *.
(Tr. 92-93). From these excerpts, it is evident that, although defense counsel was present during the in camera
review, he was not permitted to personally inspect the statement. The trial court erred by failing to permit that inspection.
Nevertheless, our court has held that such a failure only constitutes reversible error if the defense attorney either particularly requests that he be allowed to participate in the inspection or makes an objection when the trial court has rendered its decision regarding admissibility of the statement without the attorney's participation. State v. Goulette (Aug. 22, 1997), Montgomery App. No. 15885, unreported. The rule that our court adopted in Goulette is based on the fundamental principle that an appellate court will not consider any error that a defendant could have called to the trial court's attention at a time when the error could have been corrected, but failed to do so. Id. at 2, citing State v. Williams (1974), 39 Ohio St.2d 20, paragraph one of the syllabus, and State v. Douglas (1989), 66 Ohio App.3d 788,790.
Here, it does not appear in the record that Boyce's defense counsel ever requested that he be permitted to read the document so that he could point out inconsistencies. If counsel did make such a request, it has not been recorded. As a consequence, we are unable to sustain appellant's second assignment of error because the error has not been preserved for appellate review.
We are somewhat troubled, however, by the several errors of the trial court in connection with Crim.R. 16(B)(1)(g). None of these errors constitute reversible error because they either have not been raised as such or because they were not preserved for appellate review. Nonetheless, we point out these errors in the hope that they will not recur.
We have already mentioned in connection with the first assignment of error that the trial court should have preserved the witness' statement as part of the record for appeal. That error was neither preserved for nor raised on appeal
Another error appears in the exchange that occurred during closing argument excerpted above. When the prosecutor referred to the consistency between Yvonne Leopold's testimony and her written statement, and defense counsel objected, the trial court should have sustained the objection. A statement subject to in camera
inspection under Crim. R. 16(B)(1)(g) is not admitted as evidence, even though it must be made part of the record for appeal. The statement is only admissible if there is an inconsistency between it and the witness' trial testimony, and then it may only be used by defense counsel for impeachment purposes. Had the prosecutor actually sought to admit the statement as evidence, it would have been excluded as hearsay. A prior consistent statement is only admissible to rebut an implied charge of recent fabrication or improper motive. Evid. R. 801(D)(1). There was no such suggestion in this case. Thus, it was undoubtedly error for the trial court to permit the prosecutor to treat the statement as though it were in evidence.
Again, Boyce has not assigned error in this connection, and therefore we do not reverse Boyce's conviction on this ground. In any event, it appears that the trial court based its guilty verdict on the inconsistencies between Boyce's statement to police and his trial testimony, as well as evidence showing that Cynthia Leopold had a minor facial injury consistent with her story. Thus, any error in permitting mention of the prior consistent statement was most probably harmless., Appellant's second assignment of error is overruled.
 IV
Boyce raises the following as his third and final assignment of error:
OHIO RULE OF CRIMINAL PROCEDURE IS UNCONSTITUTIONAL AS APPLIED IN THE INSTANT CASE.
To some extent we have already addressed this assignment of error in our discussion of Boyce's first assignment. There is no constitutional requirement that the accused receive exculpatory information before trial. State v. Wickline
(1990), 50 Ohio St.3d 114, 116. The United States Supreme Court has upheld the constitutionality of the federal procedure under the Jencks Act, which is identical to Ohio's in every constitutionally significant sense. See Scales v.United States (1961), 367 U.S. 203, 257-258, 81 S.Ct. 1469,1500-1501, 6 L.Ed.2d 782. There does not appear to be anything extraordinary about the operation of Crim.R. 16(B)(1)(g) in this case that would raise new constitutional questions. Accordingly, we overrule this assignment of error.
 V
Having overruled all of appellant's three assignments of error, we affirm his conviction for assault.
Judgment affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Joseph W. Stadnicar
Gregory J. Corbin
Hon. Catherine M. Barber